Marshall *et al. vs.* Lockett.

---

MARSHALL *et al. vs.* LOCKETT.

| 76 | 289 |
| 96 | 246 |
| 76 | 289 |
| 123 | 213 |

It is the duty of the court to protect from interference the property in its possession through its receiver. Where a receiver was appointed, and no exception was taken thereto, but only to the grant of an injunction restraining interference with the property, and where it appeared that the title to certain land was in dispute, which was in the hands of a receiver, and one of the litigants made an effort to distrain for rent against another, this was an interference with the property which was properly enjoined.

May 1, 1886.

v 76-19

Receivers.   Injunction.   Before Judge WILLIS.   Taylor County.   At Chambers.   February 4, 1886.

Reported in the decision.

W. S. WALLACE & SON, for plaintiffs in error.

A. A. CARSON; C. J. THORNTON; J. M. SMITH, for defendant.

JACKSON, Chief Justice.

On a bill in equity brought by Lockett against Marshall and wife, the chancellor granted an injunction, and error is assigned here on this grant. We think that a single point controls the case and demanded the injunction. A previous order had been passed appointing a receiver to take charge of the property. This receiver was continued in the same decree that granted the injunction, and there is no exception to that appointment or assignment of error thereon, but only to so much as enjoined further interference with the property now and then in possession of the receiver, by the Marshalls, is excepted to, and only on that part of the decree is error assigned.

It is the duty of the court to protect from interference the property in its possession through its receiver an officer of the court, and the writ of injunction is a mild remedy, when attachment and imprisonment for contempt might have been used by the chancellor.

The effort to distrain for rent, the lands being in the hands of the receiver, and the title thereto being in dispute between the litigants, would be an interference, it seems, with the court's dominion over the lands and decree to be rendered fixing the rights of both parties in respect to the amount due from one to the other; and the injunction to stop that process until final hearing or further order of the chancellor was germane to the issues made in the bill and answer; and we cannot say there was error in

embracing the effort to distrain in the decree restraining and enjoining interference generally with the property.

Judgment affirmed.