## WOODBURN, receiver, *v.* SMITH.

Where, under an order granted upon an equitable petition, a receiver takes possession and makes a sale of property, subject to final confirmation by the court, to which property there is an adverse claim by a person not a party to such proceeding, such property, until confirmation in accordance with the order directing the sale, though delivered to the actual possession of the purchaser, is nevertheless, in contemplation of law, still in the hands of and

subject to the control of the receiver; and if his possession by or through such purchaser is interfered with or disturbed by the adverse claimant of such property, the receiver, as against such person, may file a petition for injunction. If such a petition be filed, an order of dismissal, upon general demurrer thereto, is erroneous.

May 13, 1895.   Brought forward from the last term.

Equitable petition.   Before Judge SMITH.   Wilcox superior court.   March term, 1894.

The petition of Woodburn as receiver of Laurance & Jackson, against Allen W. Smith, was dismissed on demurrer, and plaintiff excepted. He alleged, that he was appointed receiver in the case of J. G. Laurance v. Laurance & Jackson, accepted the appointment, and is still acting as receiver. The assets of which he took charge consisted principally of saw-mill outfit, engine, machinery, land and leases of timber privileges in certain lands, all in Wilcox county. He held possession until May, 1892, when, by proper order of the court appointing him, he was directed to make sale of all said assets to Smith, Thomas & Co., which he did, and delivered possession of the property to said purchasers, who, upon the faith of the sale by order of court, took possession and commenced to operate the saw-mill, obtaining timber for that purpose from the land so sold, and from the land of which the leased timber privilege was also sold, of all of which they had taken quiet and peaceable possession. According to the terms of sale, the property was divested of all liens so far as parties to said litigation were concerned, and such liens, if any, were to attach to the proceeds of the sale, in order that the property might bring as large a per cent. as possible, and all parties claiming priority were left to make such claims against the fund arising from the sale and in the hands of the receiver. Among the property so sold to Smith, Thomas & Co. was a leasehold interest in all the timber on about 700 acres of land (giving the numbers

of the lots), said lease having been made by Allen W. Smith, and being held at the time of the sale by petitioner as part of the assets of Laurance & Jackson. He is informed that the lease was verbal and not written, but has been partly performed on the part of both parties, as follows: The lease was in consideration of $1,050, of which a certain part was to be paid in advance, a certain part shortly after the lease was executed, and the balance of $350 was to be paid at the expiration of the lease, that is after all the timber had been cut. The original lessee paid Smith $500, which was accepted by Smith as full compliance with the verbal contract as the cash payment to be made, and the lessee took possession of the land, whereby the contract became fully performed and binding on the part of both parties thereto. Afterwards said lessee tendered Smith $197, which was the second payment according to the contract, but which Smith refused to accept and claimed a rescission of the contract. He now claims the timber sold in said lease as his own, and threatens to drive Smith, Thomas & Co. from the land, and refuses to allow them to go upon it to obtain the timber, and threatens to use force and violence to keep the land, and to resort to litigation. Under the order of sale, the title to the property was reserved in the receiver until full payment of the purchase money, the purchasers having until such full payment only the right to possession and use in order to get timber with which to operate the saw-mill. The purchasers made a cash payment of $500, and the balance of the purchase price, $3,500, is payable in installments of $500 every ninety days. If they are deprived of any of the property purchased at the sale, they will claim an abatement of the price to the extent of such property, which will greatly damage all parties and creditors interested in the litigation, and would damage the assets of said firm in the hands of the re-

ceiver the value of the lease interest in the timber. If the timber leases belonging to the saw-mill business are not good, it would greatly damage the business, as it is necessary to have timber to operate the mill. The lease has not expired, and will not expire until the lessee or his assigns shall have cut all the timber from the land. Petitioner is advised that the only rights of Smith are, to claim the balance of the purchase money for the timber leases, which balance (except the $197 mentioned) is not due. The litigation of Laurance & Jackson was commenced for the purpose of settling the affairs of said partnership in equity; the suit was filed for the benefit of all creditors, who were asked to come into the suit and prove their claims in order that the partnership affairs might be fully and finally administered; and Smith has an adequate remedy to obtain all his rights, by coming into the litigation and proving his claim as a creditor, and he has no right whatever to claim a rescission of the lease, or to interfere with said purchasers. They have defaulted in the payment of several of the purchase money notes. It is the receiver's duty to protect their possession, by litigation or otherwise; and whatever may be the rule in cases of ordinary judicial sales, he is advised that such rules do not apply under the circumstances of this case. He prays that Smith be restrained from interfering with the possession of Smith, Thomas & Co., and their agents and servants, and that the lease be decreed to be valid and binding against him.

Attached to the petition is a copy of the order of sale, the contents of which sufficiently appear from the foregoing recital, except that it was provided therein that if any of the property sold should be in litigation, the court would order the receiver to hold up a sufficient amount of the purchase money to indemnify the purchaser against any loss he might sustain by reason of the loss of such property; which amount, in the event of

such loss, should be returnable to the purchaser without interest.

CUTTS & HIXON and D. B. NICHOLSON, for plaintiff.
L. C. RYAN, for defendant.

ATKINSON, Justice.

To a correct understanding of the questions made in this case, it is only necessary to refer to the official report, and to emphasize mentally the fact, that under the terms of the sale of the property, in pursuance of the decree authorizing the same, the title to the property was reserved in the receiver until the full payment of the purchase money. It will be observed that the property claimed by this defendant, having been in the possession of the receiver as a part of the assets of Laurance & Jackson, was in fact sold by the receiver, under an order of the court, the receiver reserving title until the purchaser had fully paid the purchase money and until confirmation of his sale by the chancellor. The possession of the purchaser then was, to all intents and purposes, the possession of the receiver. It was the duty of the receiver to maintain the possession of his vendee, and in furtherance of that duty, it was his right to apply for an injunction in order to protect that possession. The remedy of a person claiming title to property adverse to a receiver, is not to regain it by an act of trespass, but to apply to the court for redress, or for leave to sue the receiver. And in thus restricting claimants or third parties from interfering with the receiver's possession without leave, the rule is applied regardless of whether such persons claim paramount to or under the right which the receiver was appointed to protect. It is frequently necessary for a receiver to pray for an injunction to restrain any unauthorized interference with the property in his possession, and the granting of such an injunction in such cases is a necessary incident to the

power of appointing receivers.. High on Injunctions, §§140, 747; *Marshall et al.* v. *Lockett*, 76 *Ga.* 289. We are not advised by the record upon what ground the judge rested his judgment dismissing this petition upon demurrer, but upon a careful consideration of its terms, it appears to state fully such facts as entitles this receiver to the relief he prays at the hands of the court.

Let the judgment of the court below be   *Reversed.*