## VESTEL v. TASKER, receiver.

CANDLER, J. 1. While, as a general rule, a receiver can not bring suit except by express authority of court (*Screven* v. *Clark*, 48 *Ga.* 42), this rule does not apply to a petition for injunction brought by the receiver in the court by which he was appointed. The fact that the court entertains his petition is tantamount to a grant of authority to sue.

2. "It is the duty of the court to protect from interference the property in its possession through its receiver, an officer of the court; and the writ of injunction is a mild remedy, when attachment and imprisonment for contempt might have been used by the chancellor." *Marshall* v. *Lockett*, 76 *Ga.* 290. The granting of an injunction to restrain any unauthorized interference with property in the possession of a receiver "is a necessary incident to the power of appointing receivers." *Woodburn* v. *Smith,* 96 *Ga.* 245. It follows that the demurrer to the petition was properly overruled.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*

Argued April 15,—Decided June 14, 1905.

Equitable petition. Before Judge Gober. Fannin superior court. January 26, 1905.

*T. A. Brown, N. A. Morris, William Butt,* and *D. W. Blair,* for plaintiff in error. *J. Z. Foster* and *O. R. DuPree,* contra.