## WITT *et al. v.* NESAR.

1. While the petition in its original form did not set out with sufficient specification the articles of personalty sued for, this defect was cured by the amendment. The overruling of the demurrer asserting the defect just mentioned will not cause a reversal, though such ruling was made before the amendment was allowed.

2. The action being in trover with bail, the grounds urged against the allowance of the amendment were not well taken. They relate to the effect of the amendment on the liability of the security on the bail-bond. His liability would be affected only where it was sought to render judgment against him greater than the penal sum of his bond. He was not a party to the trover case proper; nor were there any special circumstances which authorized him to defend the case for his principals, who were vigorously defending it themselves. See *Holmes* v. *Langston,* 110 *Ga.* 861 (3), 869 (36 S. E. 251).

3. The plaintiff having elected to take a money verdict, on one theory raised by the evidence the measure of damages was the value of the special interest the plaintiff had in the property; and the court erred in not instructing the jury accordingly. (Two Justices dissent.)

4. The remaining grounds of the motion for a new trial disclose no substantial error. The excerpt from the charge of the court as contained in the eleventh ground of the motion is not a complete sentence from the charge.

AUGUST 19, 1916.

Trover. Before Judge Ellis. Fulton superior court. August 3, 1915.

*W. W. Visanska* and *Hines & Jordan,* for plaintiffs in error.
*Dillon & Burress* and *Bernard L. Chappell,* contra.

HILL, J. On August 14, 1913, Mrs. Day sold to Poulos a "business known as the Good Eats Lunch Room," together with the equipment, consisting of stoves, crockery, etc., which contract was evidenced by a conditional bill of sale in writing, retaining title in Mrs. Day until deferred payments, amounting to $350, had been made. This instrument was recorded on October 9, 1913. Poulos sold the business and equipment (the exact date not appearing) to Nesar, the plaintiff, who knew at the time "that there was $250 owing on it to a lady," and the buyer went into and remained in possession for over a month, and until he closed the place to go in pursuit of two employees who were alleged to have absconded with the money contained in the restaurant. On his return, a day or so later, the plaintiff found Witt and Cone, the defendants, in possession of the place, which they refused to deliver to him, claiming to have purchased it from Mrs. Day. Thereupon Nesar brought the present action of bail-trover against Witt and Cone, B. H. Day becoming security on the bail-bond given by the defendants. At the commencement of the trial the plaintiff tendered and obtained the allowance, over defendants' objection, of an amendment to the original declaration, alleging the value of the personalty sued for to be $627, instead of $250 as alleged in the

original petition and affidavit for bail. On November 13, 1913, Poulos reconveyed to Mrs. Day his interest in the property. The latter sold it to Witt and Cone, the exact date of the sale not appearing. The evidence on the trial was rather vague, conflicting, and unsatisfactory on material points. The jury found for the plaintiff $350, and judgment was entered against the defendants and the security on the bail-bond, B. H. Day, for that amount. The defendants made a motion for a new trial on various grounds, which was overruled, and they excepted.

We need discuss only the ruling contained in third headnote. The entire charge of the court was based on the theory that the plaintiff, if entitled to recover at all, was entitled to recover the full value of the property alleged to have been converted. But there was evidence from which the jury might have found that the plaintiff, at the time of his purchase, had notice of the outstanding legal title to the property, and that he never acquired the whole title thereto. While it may be that in an action of trover a wrong-doer who is an entire stranger, having no interest whatever in the property, can not set up a jus tertii to defeat the plaintiff's claim for full damages, under the facts of this case we think the plaintiff, if not the complete owner of the personalty in controversy, was limited to the recovery of the value of his special interest therein, he having elected to take a money verdict in lieu of the property itself. In cases where the controversy was between parties each of whom had an interest in the property, this court has held that the plaintiff could not recover its full value as damages, but only the value of his special interest therein. *Holmes* v. *Langston,* 110 *Ga.* 861 (2), 867 (36 S. E. 251), and cases cited. In the present case the defendants, on one theory of the case, were the vendees of the holder of the legal title. The fact that they may have illegally possessed themselves of the property would not destroy any title they previously had, and her sale to them would operate to convey to them whatever title she had. If this state of facts existed— which was for the jury to determine under the evidence,—the recovery of the plaintiff should have been limited, on this theory of the case, to the value of his special interest in the property. In *Squire* v. *Hollenbeck,* 9 Pick. 551 (20 Am. D. 506), it was held that if the property had been taken from the possession of the bailee and applied to the use of the owner, the bailee, in an action

of trespass for wrongfully taking possession of the property, even though the defendant was a mere stranger, could not recover the value of the property, but only for the injury to his own interest. See also Smith *v.* Willoughby, 24 N. D. 1 (138 N. W. 7); Fifth National Bank *v.* Providence Warehouse Co., 17 R. I. 112 (20 Atl. 203, 9 L. R. A. 260). We think the principle decided in these cases is applicable to the present case, where the interest in the property which was not in the plaintiff was dealt with in a transaction between the owner thereof and the defendant wrong-doers, and satisfaction with respect thereto had between them; and that in such a case the defendants were not in the same position with respect to the property that a mere stranger would occupy. As stated, the charge of the court excluded any recovery except the value of the property, and it was error to fail to give the proper measure of damages as outlined above, in the event the jury should find that the property was purchased by the plaintiff under such circumstances as to give him only an equity, or special interest therein.　　*Judgment reversed. All the Justices concur, except*

EVANS, P. J., and ATKINSON, J., dissenting. If a vendor of personalty delivers possession of the same to the vendee and retains the title until the balance of the purchase-money is paid, and afterwards wrongfully and forcibly dispossesses the vendee and sells the property to another, in an action of trover by the vendee against the latter the plaintiff, where he elects a money verdict, is entitled to recover the value of the property.