## DONEHOO *et al.,* receivers, *v.* ROGERS *et al.*

GILBERT, J. The County of Evans was created partly out of the territory of the County of Bulloch. At the time of the organization of the former county, a business corporation owned a large area of land a part of which was located in the newly formed county. The corporation went into liquidation, and receivers were appointed to wind up its affairs. The receivers returned for taxation all of the land belonging to the corporation to the tax-receiver of Bulloch County, and the authorities of Evans County caused a fi. fa. to be issued for the taxes alleged to be due Evans County on the land located in that county. The fi. fa. was levied on a portion of the land lying in Evans County. The receivers filed a petition to enjoin the levy and the further progress of the tax fi. fa., because the entire area of land was a plantation, the most of the improvements of which were situated in the County of Bulloch; because the line of demarcation between the counties was uncertain and in dispute, and the receivers had returned the land for taxation in Bulloch county, which was the county of their residence; and because the levy was excessive. On an interlocutory hearing the court refused a temporary injunction. *Held:*

1. The court should have enjoined the enforcement of the fi. fa., on the ground that the levy was excessive, and erred in refusing to do so.
2. The evidence adduced upon the question as to whether or not the land in controversy belonging to the corporation, the assets of which were being administered by the defendants in fi. fa. as receivers, constituted a plantation within the meaning of that term as used in section 1065 of the Civil Code of 1910, is so vague and indefinite that this court will not undertake to determine whether the court's holding upon this question was authorized or not.

3. The defendants contend that the receivers had no authority to bring the suit, unless specially authorized so to do by the order of the chancellor, and that no such order was presented; citing *Screven* v. *Clark*, 48 *Ga.* 41. The receivers were within their legal right in bringing the suit. The fact that the court entertained the petition is "tantamount" to a grant of authority to sue." *Vestal* v. *Tasker*, 123 *Ga.* 213 (51 S. E. 300). The granting of an injunction to restrain any unauthorized interference with property in the possession of a receiver is a necessary incident to the power of appointing receivers. *Woodburn* v. *Smith,* 96 *Ga.* 245 (22 S. E. 964).

*Judgment reversed. All the Justices concur.*
OCTOBER 20, 1916.

Petition for injunction. Before Judge Sheppard. Evans superior court. June 19, 1916.

*Brannen & Booth* and *Johnston & Cone,* for plaintiffs.
*Daniel & Daniel* and *Hines & Jordan,* for defendants.