11895.   CARR, receiver, *v.* PEPPERS *et al.*

BROYLES, C. J. 1. There is no statutory authority in this State authorizing a receiver, in his representative capacity and merely by virtue of his general authority as receiver, to institute actions. And, as a general rule in this State, a receiver cannot bring a suit without express authority from the court. *Screven* v. *Clark,* 48 *Ga.* 42 ;' *Vestel* v. *Tasker,* 123 *Ga.* 213 (51 S. E. 300) ; 34 Cyc. 377, and citations.

2. Where the order appointing a receiver for certain tracts of land directs the receiver "to take charge of said two mentioned plantations and rent the same and retain the rents until further orders of this court," and a subsequent order directs him to "receive and collect [the rents] and report to this court for distribution," the receiver has no authority to bring suit to recover the rents. *Screven* v. *Clark,* supra.

(a) The bringing of such a suit is quite a different proceeding from petitioning for an injunction to restrain an unauthorized interference with property in the possession of a receiver, and, unlike the granting of such an injunction, is not "a necessary incident to the power of appointing receivers."

3. Under the above rulings the court properly awarded a nonsuit.

> *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

> DECIDED JANUARY 25, 1921.

Distraint; from Banks superior court — Judge Cobb.   September 21, 1920.

*John J. Strickland,* for plaintiff.

*J. J. & Sam Kimzey,* for defendant.