BLUMENFELD *et al. v.* CITIZENS BANK & TRUST COMPANY.

No. 6945.   MARCH 14, 1929.

*George H. Richter,* for plaintiffs in error.
*McIntire, Walsh & Bernstein,* contra.

HINES, J.   On July, 27, 1921, Moses Blumenfeld executed and delivered to the Mercantile Bank & Trust Company his deed to certain described land to secure debt.   In February, 1922, this deed was transferred by assignment to his wife, Frances Blumenfeld. This transfer was not recorded.   This instrument contained a power of sale, which was to be exercised by a trustee appointed by the grantee therein.   The transferee appointed a trustee for this purpose, and he advertised this property for sale under said power.   On March 19, 1924, Moses Blumenfeld executed to the Citizens Bank & Trust Company his deed to the same property to secure an indebtedness of $3200.   This deed contained a power of sale, to be executed by a trustee to be appointed by the grantee therein.   The grantor defaulted in his payments of this debt, and the grantee appointed a trustee who advertised the property for sale.   The grantor filed his petition against the grantee and his trustee, in which he sought to enjoin said sale and to have said deed canceled upon the ground that the consideration for the debt thereby secured had totally failed.   On the hearing an interlocutory in-

junction was denied. The grantor applied for a supersedeas, in order to have the judgment refusing such injunction reviewed by this court. The court granted the supersedeas, but appointed a receiver for the property embraced in the security deed. The security deed of Moses Blumenfeld to the Mercantile Bank & Trust Company, under which the wife claims as transferee, was canceled of record and marked satisfied by the clerk in pursuance of a direction given by the Mercantile National Bank of Savannah, the successor of the grantee in said deed.

The Citizens Bank & Trust Company filed its petition against Frances Blumenfeld and her trustee, in which it sought to enjoin them from selling this property under the power of sale contained in the deed from Moses Blumenfeld to the Mercantile Bank & Trust Company, under which she claims as transferee of said deed and the debt thereby secured. In its petition it alleged that it had no notice of any claim of the wife to said property; that her title is inferior to its title, because it made said loan to her husband in good faith, relying upon his security deed to it; that the wife, at the time it made said loan, knew that it was making it upon the strength of the conveyance of said property; that she understood that it was to receive a first security deed to said property of equal rank with one made to the Liberty Bank & Trust Company; that on March 7, 1928, she filed a suit seeking specific performance of a contract made by her and her husband and the Liberty Bank & Trust Company and petitioner, whereby the former company and petitioner were to lend to the husband $8,000, taking a first mortgage on the property embraced in his deed to the Mercantile Bank & Trust Company, the Liberty Bank & Trust Company to advance $4800, and petitioner to advance $3200; that petitioner did lend $3200 to Moses Blumenfeld, and received, in accordance with the terms of said contract, what purported to be a first mortgage on the property embraced in the security deed, which property the wife claims, and a second mortgage on the home of her husband; that the wife is estopped from now setting up that, by reason of the unrecorded transfer of said security deed under which she claims, and which is canceled of record, she is entitled to a superior title to that of petitioner; that the property involved is in the hands of the court through its receiver, and the proposed sale would interfere with the possession of the court of this property. Petitioner prayed

that the wife be required to set up her rights in the suit of the husband against petitioner, as this would avoid a multiplicity of suits; that the sale of the property under the power of sale in the security deed under which the wife claims be enjoined; and that she be made a party to said suit of her husband against petitioner.

In answer to this petition the wife alleged that the cancellation of the security deed under which she claims was made without her authority, knowledge, or consent, and without authority of law, in that said deed was not presented to the clerk at the time he entered said cancellation thereon. She denied that this bank had no notice of her claim to said property. She further alleged that the giving of the mortgage to the Liberty Bank & Trust Company on February 15, 1924, which mortgage was paid on April 9, 1924, was made at petitioner's request, with the understanding that the above deed held by her as transferee should not be disturbed. She denied that her right or title was inferior to that of petitioner, or that she understood that petitioner was to receive a first security deed on said property. She admitted that she filed the suit for specific performance. She further set up that she paid the Mercantile Bank & Trust Company full consideration for the transfer of the deed under which she claims; that the Mercantile National Bank of Savannah knew, when it was attempting to have said deed canceled, that it did not have possession of it, that it had been transferred to her, that it had no right, title, or interest in and to the same, and that its cancellation was at the instance of petitioner.

The case was heard on the petition and answer, without other evidence. The judge temporarily enjoined the defendant as prayed, and granted an order making Frances Blumenfeld a party to the case of Moses Blumenfeld against petitioner. The defendants excepted.

■ The first question for decision is this: Can the transferee of a security deed advertise and sell under a power of sale therein the land thereby conveyed, when such land is in the hands of a receiver in a proceeding to which such transferee is not a party? It is well settled that the custody of property by the receiver of the court is the custody of the court, and that one who dispossesses the receiver of property in his hands, or disturbs his possession, dispossesses and disturbs the court, is guilty of contempt, and the property, in case of dispossession, will be restored to the receiver.

*Wikle* v. *Silva,* 70 *Ga.* 717. The custody by the receiver of the court is the custody of the court. *Tindall* v. *Nisbet,* 113 *Ga.* 1114 (39 S. E. 450, 55 L. R. A. 225) ; *Coker* v. *Norman,* 162 *Ga.* 351 (133 S. E. 740) ; Wiswall *v.* Simpson, 14 How. 52 (14 L. ed. 322) ; 134 Cyc. 187; Angel *v.* Smith, 9 Ves. Jr. 335. It is the duty of the court to protect from interference the property in its possession through its receivers; and the writ of injunction is a proper remedy to effect this purpose. *Marshall* v. *Lockett,* 76 *Ga.* 289. The granting of an injunction to restrain any unauthorized interference with property in the possession of the receiver is a necessary incident to the power of appointing receivers. *Woodburn* v. *Smith,* 96 *Ga.* 245 (22 S. E. 964) ; *Vestel* v. *Tasker,* 123 *Ga.* 213 (51 S. E. 300) ; *Donehoo* v. *Rogers,* 146 *Ga.* 75 (3) (90 S. E. 382) ; *Bennett* v. *Green,* 156 *Ga.* 572, 578 (119 S. E. 620). This brings us to consider whether the action of the holder of this security deed in advertising this property for sale amounts to an interference with the possession of the receiver, under the principles above announced. It is insisted by her counsel that this proceeding on her part does not interfere with the possession of the receiver, and that for this reason she should not be restrained from exercising the power of sale contained in her security deed. It may be said that the right to sell under this power is a legal remedy, and that the holder of the security deed should be allowed to pursue this legal right. The appointment of a receiver will not ipso facto debar a creditor of the person over whose estate the receiver is appointed from pursuing his legal remedy by action against such debtor, or from bringing suits for relief touching the same property, which in no way interfere with the possession or jurisdiction of the court in which the receivership is pending. 34 Cyc. 221. Creditors who stand out may generally be allowed to prosecute their legal remedies against the assets, if they can make them available without resort to equity. *National Bank* v. *Richmond Factory,* 91 *Ga.* 284, 297 (18 S. E. 160). To this general rule there are exceptions. If the creditor has to seek equitable relief, his claim should be asserted in the suit under which the receiver was appointed and the seizure made. Civil Code (1910), § 5478. Upon the question whether a mortgage on property in the hands of a receiver can be foreclosed in a proceeding other than that in which the receiver was appointed, the authorities are in conflict. Some of the decisions hold that a

decree of foreclosure only shuts off the equity of redemption of the mortgagor, and does not affect the possession of the receiver at all. Brooks v. Vt. Cen. R. Co., 14 Blatch. 463 (Fed. Cas. No. 1964); Mercantile Trust Co. v. Lamoille Valley R. Co., 16 Blatch. 324 (Fed. Cas. No. 9432). Others hold that where property is in the hands of a receiver appointed by a court an independent suit to foreclose a mortgage can not be maintained, even in the same court. American Loan & Trust Co. v. Central Vermont R. Co., 86 Fed. 390.

It has been held that a sale by a trustee under power contained in the trust deed confers no title upon the purchaser, when the property embraced in such deed has been placed in the hands of a receiver prior to such sale. Hitz v. Jenks, 185 U. S. 155 (22 Sup. Ct. 598, 46 L. ed. 851); Scott v. Crawford, 16 Tex. Civil App. 477 (41 S. W. 697); Hacker v. Hacker (Tex. Civ. App.) 4 S. W. (2d) 218. Upon like principle, a power of sale in a security deed can not be exercised where the property embraced in such deed has been placed in the hands of a receiver prior to the attempt to exercise such power. The contention that a sale of the property under such a power would not disturb the possession of the receiver is not well founded. Hitz v. Jenks, supra. When a party is prejudiced by having a receiver appointed and put in his way, his proper course is to apply to the court appointing the receiver for permission to proceed, or to permit him to be examined pro interesse suo. Brooks v. Greathed, 1 J. & W. 176, 37 Eng. Rep. (Reprint) 342, Chancery Book 17. The rule seems to be well settled that where the subject-matter of the suit in equity is real estate which has been taken into the possession of the court pending litigation, by the appointment of a receiver, or by sequestration, the title is bound from the filing of the bill; and any purchaser pendente lite, even if for a valuable consideration, comes in at his peril. Anonymous, 6 Ves. Jr. 287; Angel v. Smith, supra; Brooks v. Greathed, supra. So in Weihl v. Atlanta Furniture Co., 89 Ga. 297 (15 S. E. 282), it was held, that, in appointing a receiver to take charge of the assets of an insolvent corporation under a petition in the nature of a creditor's bill, it was not error for the court to withhold from the receiver assets upon which there were large mortgage liens, even though the value of the assets might be considerably in excess of the amount of the mortgages, provision being made in the

order of appointment for turning over such excess to the receiver which should be realized from a power of sale embraced in the mortgage deeds. Where the receiver is in possession of mortgaged property, a mortgagee can not interfere with that possession without leave of the court by foreclosure suit or attachment; but the court may permit a party holding such mortgage to proceed against the mortgaged property, although it is in the hands of the receiver, or sell it under the power of sale in the mortgage. 34 Cyc. 286; Forest Lake Cemetery v. Baker, 113 Md. 529 (77 Atl. 853). We have held that a sale under power in a security deed is equivalent to a sale under a decree of foreclosure in equity. *Ellis* v. *Ellis,* 161 *Ga.* 360 (130 S. E. 681). The power of sale under which the wife is proceeding fell with the cancellation of the security deed containing it; and the wife will have to resort to equity to enforce her rights. So we are of the opinion that Mrs. Frances Blumenfeld, as transferee, could not exercise the power of sale in the security deed from her husband to the Mercantile Bank & Trust Company, after the property thereby conveyed had been placed in the hands of a receiver in the case of Moses Blumenfeld against the Citizens Bank & Trust Company, without first obtaining permission so to do from the court appointing the receiver. It follows that the court did not err in granting an interlocutory injunction restraining her and her trustee from selling this property under the power of sale contained in the security deed under which she claims.

This brings us to consider the second question involved in this case. Did the court err in making Mrs. Blumenfeld a party to the case of Moses Blumenfeld against the Citizens Bank & Trust Company? She insists that the order making her such party is contrary to law and equity. Is this contention sound? The contest is between the liens of two security deeds executed by the same grantor to the same property. The wife of the grantor claims under a transfer to her of the senior security deed. This transfer was never recorded. This deed had been canceled of record by the successor of the grantee therein. The Citizens Bank & Trust Company claims under the junior security deed. The grantee in this deed claims that it took its deed when the senior deed appeared to be properly canceled of record, and when the apparent legal title was in the husband and common grantor. It further contends

that it made the loan to the husband in good faith, without notice of the transfer of the senior security deed to the wife, and in the belief that it was getting the first lien upon the land embraced in both deeds. It further asserts that at the time it took its security deed the wife understood that it was to get the first lien upon the property, and that for this reason she is now estopped from asserting any title under the transfer of the security deed under which she claims. The wife asserts that the senior security deed, under which she claims as transferee, was canceled without authority, for the reason that the grantee in that deed or its successor was without authority to have it canceled after the grantee therein had transferred the same to her, and that the clerk of court was without authority to cancel the same without the production of the original deed. She further asserts that the grantee in the junior deed had full notice of the transfer of the senior deed, and her rights thereunder. For this reason she claims that the holder of the junior security deed can take no advantage of the fact that her transfer of the senior security deed was not recorded.

If the security deed from Moses Blumenfeld to the Mercantile Bank & Trust Company was properly canceled of record, no reconveyance of the property therein conveyed was necessary to revest title in the grantor. Civil Code (1910), § 3309; *Chapman* v. *Ayer,* 95 *Ga.* 581, 583 (23 S. E. 131); *Citizens Bank* v. *Taylor,* 155 *Ga.* 416 (3) (117 S. E. 247). Was this deed properly canceled of record, so as to revest title in the grantor? "In all cases where property is conveyed to secure a debt, the surrender and cancellation of such deed in the same manner that mortgages are now canceled, on payment of such debt to any person legally authorized to receive the same, shall operate to reconvey the title of said property to the grantor, his heirs, executors, administrators, or assigns; and such cancellation may be entered of record by the clerk of the superior court in the same manner that cancellations of mortgages are now entered." Civil Code (1910), § 3309. "Any mortgagor in this State, who may have paid off his mortgage, may present the same, together with the order of the mortgagee or transferee directing that the mortgage be canceled and record the order across the face of the record, to the clerk of the superior court of the county or counties in which the same is recorded, and such clerk shall write across the face of such record the word 'satisfied,' and the date of

such entry, and sign his name thereto officially." § 3270. These sections deal with cancellation of mortgages and security deeds when the cancellation is procured at the instance of mortgagors or grantors in security deeds. It will be noted that under section 3309 the surrender and cancellation of a security deed must be effected in the same manner as mortgages are canceled. We think the proper construction of that section is, that the mortgagor must present the mortgage, together with the order of the mortgagee or transferee directing that the same be canceled, and that the clerk shall record the order across the face of the record, and in addition shall write across the face of such record the word "satisfied," date such entry, and sign his name thereto officially. This being so, in order to effect cancellation of a security deed at the instance of the grantor therein, the latter should present to the clerk the original deed, together with the order of the grantee therein or transferee thereof, directing that the mortgage be canceled; and when this is done, the clerk should enter the order of cancellation across the face of the record of the deed, and then write across the face of such record the word "satisfied," date such entry, and sign his name officially thereto. The clerk would not be authorized, at the instance of a mortgagor or grantor in a security deed, to mark the same canceled or satisfied of record without the presentation of the original instrument and the order directing its cancellation; and upon the presentation of the original document and the order to cancel it, the clerk should then enter such order upon the record, and then mark across the record the word "satisfied," date the entry, and sign his name to such entry officially. In the absence of the production of the mortgage or security deed, such order for its cancellation, the record of the order on the record, and the entry of satisfaction of the instrument, dated and signed as above, we are of the opinion that an attempted cancellation of the mortgage or security deed, at the instance of the mortgagor or grantor, would be ineffective. We are of the opinion that the mere entry upon the record of the instrument that it was satisfied or cancelled would not be a compliance with the requirements of these sections, and would not amount to a cancellation as between the parties. These requirements are prescribed to protect the rights of mortgagees and grantees in security deeds.

But where the entry of cancellation or satisfaction of a mortgage

or security deed is made upon the order of the mortgagee or grantee, as the case may be, such cancellation of satisfaction of the instrument would amount to its extinguishment, and would have the effect of revesting in the maker the title to the property embraced in the instrument so marked canceled and satisfied. In *Citizens Mercantile Co.* v. *Eason,* 158 *Ga.* 604, 610 (123 S. E. 883, 37 A. L. R. 378), we held that the full payment of the secured debt revests in the grantor the title to the property therein conveyed; and that when such secured debt was fully paid, there was a leviable interest in the grantor in such deed. So where the grantee in a security deed, in an order to the clerk, acknowledges full payment of the debt secured, and directs the clerk to mark the deed canceled or satisfied, which is done by that officer, the effect of such order and entry amount to an extinguishment of the instrument and the revesting of title in the grantor, in favor of subsequent bona fide mortgagees or grantees in security deeds from the grantor. A transfer of title held under a security deed, made to assign all interest in the debt secured and in the land as security therefor, stands on the same footing as to execution and recordation as the deed itself. *Citizens & Southern Bank* v. *Pharr,* 164 *Ga.* 880 (139 S. E. 658) ; *Mortgage Guaranty Co.* v. *Atlanta Commercial Bank,* 166 *Ga.* 412 (143 S. E. 562). The record title to this land being in the Mercantile Bank & Trust Company, or its successor, the Mercantile National Bank of Savannah, the cancellation of the security deed made to the former by Moses Blumenfeld, on the order of the successor of the grantee, and the entry of such cancellation upon the record of this deed, amounted to an extinguishment of the instrument and a revesting of the title in the grantor; and the title acquired by the Citizens Bank & Trust Company from the grantor in the senior security deed is superior to the title acquired by the wife of the grantor under the transfer of the senior security deed to her for value, in the absence of timely record of such transfer. In order to defeat the title of the grantee in the junior deed, it is incumbent on the transferee of the senior security deed to show that the grantee in the junior security deed took with notice of the title conveyed by the unrecorded transfer.

Equity has general jurisdiction for the enforcement of equitable liens. Among these are the so-called equitable mortgages. 21 C. J. 118, § 96, e. These liens may at any time be enforced in a

court of chancery. Greil *v.* Montgomery, 182 Ala. 291 (62 So. 692, Ann. Cas. 1915D, 738). The determination of the extent and priority of conflicting liens between creditors is a proper subject for equitable cognizance. Ostrander *v.* Weber, 114 N. Y. 96 (21 N. E. 112). In Bowman *v.* Wisconsin Rotary Engine Co., 36 Wis. 207, 212, it was held: "The right of a person in whose favor a lien exists, whether on real or personal property, to maintain an action in equity to have the amount of the lien determined, and to enforce payment thereof by a sale of the property or otherwise, is too well settled to be questioned." Where a security deed on its face recites the debt secured and the purpose to secure it, the creditor can foreclose the deed as an equitable mortgage. *Smith* v. *Farmers Bank,* 165 *Ga.* 470 (141 S. E. 203). In this State the holder of any mortgage on real or personal property or both, whether as original mortgagee or as assignee of the original mortgage, is at liberty to foreclose such mortgage in equity according to the practice of the courts in equitable proceedings, as well as the methods prescribed by the code. Civil Code (1910), § 3305. This was a well-defined branch of equity jurisprudence, and the effect of this section is to open the door of equity again to parties wishing to foreclose mortgages. Mortgagees may now resort to equity for foreclosure, without alleging any special grounds of equitable interference. *DeLay* v. *Latimer,* 155 *Ga.* 463, 469 (117 S. E. 446). The present proceeding is brought to determine the dignity of the liens created by these security deeds; and in order to avoid complications and a multiplicity of suits, this should be done in one proceeding. The purpose is to establish the lien of the plaintiff under its security deed, and to fix its dignity in relation to the lien claimed by the defendant. In the one proceeding the right of the plaintiff under its security deed as against the grantor, and the dignity of the liens asserted by the plaintiff and defendant, can be established. This will prevent complications which would greatly affect the value of the property if the claims against it were separately enforced. For these reasons the court properly made the transferee of the senior security deed a party to the suit between the grantor in that deed and the plaintiff.

It is further insisted that the equity in the plaintiff's petition was sworn off by the answer, and that in view of this fact the court should have refused to grant an interlocutory injunction. We

can not say that the court below erred in granting the injunction. The equity of the plaintiff was not so fully sworn off as to require the chancellor to refuse an injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*