### 21487. AMERICAN SURETY COMPANY OF NEW YORK *v.* BALDWIN, clerk, for use, etc.

STEPHENS, J. 1. A surety upon the bond of a receiver, which was conditioned upon his faithful discharge of his duties as such, and upon his obedience to the orders and directions of the court in the matter of the receivership, was as a matter of law bound by a judgment rendered upon a hearing on a petition of the surety for an accounting and the removal of the receiver and a discharge of the surety, which adjudged the receiver accountable for moneys received by him while receiver, in a stipulated amount, to another person as receiver, who in the meantime had been appointed by the court as his successor, although prior to the judgment the surety had, by order of the court upon the removal of the receiver, been relieved from liability on the bond "on account of any of [the receiver's] further acts and doings." This is true notwithstanding the judgment may have been rendered in vacation by an order legally setting the hearing in vacation, which was passed without the surety's consent.

2. Upon the trial of a suit brought against the surety by the clerk of the court as the obligee on the bond, for the use of the newly appointed receiver, to recover on the bond the amount adjudged by the court as due to the newly appointed receiver from his predecessor, after the latter had failed to pay to the newly appointed receiver this amount on demand, where the judgment and this fact of non-payment on demand appeared from uncontradicted evidence, the verdict directed for the plaintiff, in the amount of the judgment found against the receiver who had been removed, was as a matter of law demanded.

3. Under the above ruling the petition set out a cause of action, and was not subject to dismissal on a motion in the nature of a general demurrer; and the court did not err in the exclusion of testimony by which it was sought to impeach the findings in the judgment rendered against

the former receiver upon the petition against him for an accounting, and in admitting in evidence the reports which the removed receiver had filed in response to the petition for an accounting, notwithstanding these reports were filed after his removal.

4. This suit having been brought in the court in which the receiver was appointed, the court did not err in overruling the motion for a nonsuit upon the ground that this suit was brought without authority of the court. *Vestel* v. *Tasker*, 123 *Ga.* 213 (51 S. E. 300).

5. No error appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 4, 1932. REHEARING DENIED MARCH 5, 1932.

*Jones, Evins, Powers & Jones,* for plaintiff in error.
*E. H. George, Smith & Smith, G. A. Pindar,* contra.