## 67271. ARNOLD v. HICKEY.

SHULMAN, Presiding Judge.

In response to appellant's petition to quiet title, appellee filed a counterclaim in which he sought a money judgment on a promissory note allegedly executed by appellant and assigned to appellee, and an equitable foreclosure of the deed given as security for the note. In its order granting summary judgment to appellee, the trial court also

ordered the equitable foreclosure appellee sought. Although appellant does not explicitly take issue with the equitable foreclosure, she does question the propriety of the grant of summary judgment which contains the equitable foreclosure order. Inasmuch as "[e]quity has general jurisdiction for the enforcement of equitable liens," including equitable foreclosures under OCGA § 44-14-49 (Code Ann. § 67-601) (*Blumenfeld v. Citizens Bank &c. Co.,* 168 Ga. 327, 336 (147 SE 581); *Smith v. Farmers Bank,* 165 Ga. 470 (2) (141 SE 203)), we are without jurisdiction of the case and must order it transferred to the Supreme Court, which has jurisdiction over equity. Georgia Constitution, Art. 6, Sec. 2, Par. 4 (Code Ann. § 2-2804); *Candler v. Bryan,* 189 Ga. 851, 856 (8 SE2d 81).

*Transferred to the Supreme Court. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 6, 1984.

*Robert L. Simmons, Annie R. Simmons,* for appellant.
*E. Lee Redfern,* for appellee.