## *In re* THIRD NATIONAL BANK.

### (*District Court, N. D. Illinois.* November 7, 1880.)

1. JUDICIAL SALE—NATIONAL BANK—REV. ST. § 5234.—A sale by a receiver of the property of a national bank, under an order of court, in accordance with the provisions of section 5234 of the Revised Statutes, constitutes a judicial sale.

2. SAME—PURCHASER.—Although the rights of a purchaser at a judicial sale are subject to the action of the court, yet such action must depend upon the general principles and usages of law.

3. SAME—INADEQUATE PRICE—CONFIRMATION.—*Held*, therefore, where a receiver had sold the property of a national bank, under an order of court, in accordance with section 5234 of the Revised Statutes, that such sale would not thereafter be set aside before confirmation upon a subsequent offer of an advance bid of some $5,000 or $6,000, where a former sale of the same property had been set aside for inadequacy of price.

In Liquidation. Motion by the receiver to set aside sale.
*Mr. Jackson* and *H. S. Monroe*, for receiver.
*Van H. Higgins*, for purchaser.

DRUMMOND, C. J.   If we admit that it is competent for the court to set aside a sale for mere inadequacy of price—a point by no means free from difficulty—the question is whether, under the facts in this case, it is proper for the court to set it aside.

This sale, being made under the authority of an act of congress which directs the sale to be made under the order of a court, upon such terms as the court may direct, I think it must be considered to all intents and purposes as a judicial sale.   Section 5234, Rev. St. U. S.   Then are there any facts in this case which would warrant the court in setting aside the sale for inadequacy of the bid made?

The receiver, on the order of the court, sold the property. The sum bid was $30,000.   Ample notice of the sale had been given to the creditors and stockholders of the bank, and to all the principal real estate brokers in Chicago.   There was a large attendance at the sale, and the bidding was quite spirited.   The receiver made his report to the court recommending the confirmation of the sale, although some doubt was expressed whether the property had brought its full value; and, as I understand, the comptroller of the currency also concurred with the receiver in this recommendation to the court, and it accordingly made an order that, unless cause was shown to the contrary by the first of November, the sale would be confirmed.   On or before November 1st, objection was made to the sale on account of inadequacy of price.   Accompanying the objection was a statement that a responsible party would make an advance of $2,000 on the bid, and upon that statement of facts the court was asked to set aside the sale and order a resale.   We must, however, take into consideration an additional fact not yet mentioned, and which must be considered material on an application to the legal discretion of the court, namely, that there had been a similar application by the receiver to the court, under the authority of the act of congress, to sell this property, and the order made, and it had been sold for $13,000; and the receiver, not deeming the price adequate, had recommended that the

sale should be opened, and the court accordingly set aside the sale. This is therefore the second sale that has been made, and the court is again asked to set aside the sale on account of inadequacy of price. After the district judge had decided (although no order was entered) that the advance of $2,000 was not sufficient to warrant the court in setting aside the sale, and accordingly had disposed of the question so far as his opinion was concerned, then it seems it was intimated by counsel that there would be an additional advance made, and $3,000 more was offered by the same person who had previously offered the $2,000, making it $35,000 instead of $30,000. Thereupon the judge was asked to reconsider his action and say that the sale should be set aside, and I am requested by the counsel on both sides, and by the judge, to advise in the matter. Let us see in what position this places the court:

After the court has ordered a sale, and it is made, and the purchaser asks that it shall be confirmed, and the court has decided that a certain advance is not sufficient, they then bid upon the action of the court. In other words, it becomes a sort of auction in the court as to the price at which the property should sell. I do not think this is a proper way to make judicial sales, nor will it tend to make parties come forward, with an assurance, if they bid in good faith for property offered at a judicial sale, they will be protected in their rights; nor will it cause property to bring what it is actually worth. The very fact that people believe that a sale amounts to nothing, or that the court will, of course, set it aside, prevents property from bringing its true value; and nothing, it seems to me, can more effectually destroy the sanctity, so to speak, of a judicial sale—nothing more injuriously affect such a sale—than to allow a practice of this kind.

It is said that a person is now willing to make an advance of $1,000 after the sale has been confirmed and the order has been entered by the district court. I do not think that this is a proper practice; nor, admitting all that is contended for as to the effect of the inadequacy of price, that this is a proper

case for the exercise of the discretion of the court. There has been one sale which has been set aside for inadequacy of price. The property has been resold, and has brought a sum near its value. All the court could do—all Judge Blodgett could do in the district court—would be simply to order a resale, and perhaps declare that the $35,000 or $36,000 should be considered as a bid made. Our practice has never been to allow the receiver or the master, as the case may be, in a judicial sale, to receive a bid, as in England, privately. On the contrary, the prac i e has been to have the property re-offered for sale, and treat the advance offer made as a bid at the sale.

Perhaps I ought to say something about the purchaser. I think a purchaser at a judicial sale may be said to be clothed with some rights when he makes a bid for the property, and the hammer falls, and the bid accepted by the master or receiver. True, the rights which exist in him are subject to the action of the court; but that action depends upon the general principles and usages of law. It cannot be said that it is a discretion which is merely arbitrary on the part of the court, or capricious; but it must act upon well-settled and generally-recognized principles of equity in cases of this kind, and, if it disregard those principles, the rights of the purchaser can ordinarily be protected in another court. So that the bidder certainly has rights which can be protected by a court of equity. I therefore advise that the order of the district court shall stand confirming the sale.

NOTE. See *Blackburn* v. *The Selma R. Co.* 3 FED. REP. 689.