THE CITIZENS' SAVINGS BANK v. ROLLIN H. PERSON, CIRCUIT JUDGE OF INGHAM COUNTY.

*Banks and banking—Appointment of receiver—Disallowance of claim—Application to court.*

After the appointment of a receiver for an insolvent banking corporation organized under Act No. 205, Laws of 1887, the court should in all cases permit claimants to intervene in the proceeding, and make proof of their claims, if rejected by the receiver, when they show a probable cause of action; and in appropriate cases the trial should be upon the law side of the court.

*Mandamus.* Submitted November 14, 1893. Denied December 22, 1893.

Relator applied for *mandamus* to compel respondent to order an issue framed to determine the liability of an insolvent banking corporation upon the claim of relator. The facts are stated in the opinion.

*Gray & Gray,* for relator.

*M. V. Montgomery,* for respondent.

LONG, J. The relator is located at Detroit, and shows that the Central Michigan Savings Bank of Lansing is indebted to it in the sum of $2,000 and upwards, upon a promissory note which it rediscounted with and indorsed to relator. After such rediscount of said note, the Central Michigan Savings Bank became insolvent, and such proceedings were thereafter had in the circuit court for Ingham county in chancery that a receiver was appointed for it, under the provisions of Act No. 205, Laws of 1887. Subsequently, the relator presented its claim under said

note by affidavit to the receiver, who refused to allow said claim, on the ground that it had not been proved to his satisfaction, and that therefore the relator was not entitled to share in the distribution of the funds of said insolvent bank. On September 1, 1893, relator presented its petition to the circuit court for Ingham county in chancery, praying that an issue might be framed for the trial of the liability of said insolvent bank to the relator on said note, to be entered upon the law side of said court, in which the relator might appear as plaintiff and the Central Michigan Savings Bank as defendant. The prayer of the relator was refused on the ground that under the general banking law of 1887 the court had no jurisdiction in the matter, but that the remedy of the relator was by suit in the usual form against the insolvent bank. *Mandamus* is asked to compel that court to order said issue to be framed, and proceed to the trial of the cause, as prayed.

The sections of the State banking law involved here (sections 55, 57) are closely patterned after the national banking act (Rev. Stat. U. S. 1873, §§ 5234, 5236). It is true that under the national banking act the United States courts have held that the claimant, in case of contest, may bring suit in any court of competent jurisdiction. *Bank of Bethel v. Pahquioque Bank,* 14 Wall. 383; *Kennedy v. Gibson,* 8 Id. 498. There is, however, an important distinction between the national banking act and the State act under consideration here. Under the national banking act the appointment of a receiver is by the Comptroller of the Currency, so that at the outset no court has acquired jurisdiction. Under the State act the receiver is appointed by the court upon the petition of the Commissioner of Banking.

Section 55 of the act provides that the receiver shall take possession of the books, records, and assets of every description of such bank, collect all debts, dues, and claims

belonging to it, and sell or compound all bad or doubtful
debts, and sell all the real and personal property of such
bank, on such terms as the court shall direct, and may, if
necessary to pay the debts of such bank, enforce all indi-
vidual liability of the stockholders. "Such receiver shall
pay over all money so collected or received to the State
Treasurer, and also make report to the commissioner of
all his acts and proceedings." By section 56 it is made
the duty of the commissioner, upon the appointment of
the receiver, to cause notice to be given by advertisement
to all persons who may have claims against such bank, to
present the same to such receiver and make legal proof
thereof. Section 57 provides:

"From time to time, under the direction of the Com-
missioner of the Banking Department, the receiver shall
make ratable dividends of the moneys realized or collected
by him on all such claims as may have been proved to
his satisfaction or adjudicated in a court of competent
jurisdiction, and the remainder of the proceeds, if any,
after the costs and expenses of such proceedings and all
debts and obligations of the bank are satisfied, shall be
paid over to the stockholders of such bank or their legal
representatives, in proportion to the stock by them respect-
ively held."

It is contended that, inasmuch as the act itself does
not expressly confer power upon the court appointing the
receiver to take cognizance of the claims presented for
allowance against the insolvent bank, therefore no such
power can be exercised by that court.

Section 55 of the act, in express terms, places the receiver
under the direction of the court in the taking possession
of the property and assets of the bank, the collection of
claims, compounding of debts, sales of property, and the
enforcement of the individual liability of stockholders. It
is true that the statute fixes the depository of the fund,
not with the register of the court, but with the State
Treasurer, and the distribution is under the direction of

the commissioner; but the receiver is nevertheless an officer of the court, as much as a receiver appointed in the ordinary way under a bill in chancery. The Commissioner of Banking does not appoint the receiver. It is done by the court upon the petition of the commissioner, approved by the Attorney General; and when the funds are paid into the hands of the receiver, and deposited with the State Treasurer, the receiver, and not the commissioner, makes the ratable dividends. The receiver represents the insolvent bank. Under the statute, all claims against it are to be presented to him for allowance, and, if he does not allow them, the claimant may invoke the aid of the court.

It is apparent that the court appointing the receiver has jurisdiction over him and the fund, and may permit any claimant to present his claim in that proceeding, and make his proofs and establish it therein. There can be found in this statute no prohibition upon the court thus having jurisdiction from proceeding under its general powers to hear and determine the questions arising upon such claims. The claims, under the statute, are not to be presented to the insolvent bank, but to the receiver; and, in any action brought to prove such claim against the insolvent bank, the receiver, and not the bank, is necessarily the party interested in contesting it, and to insist upon its being properly established by competent evidence. In doing this he is acting as an officer of the court, and under its direction. The court, by the appointment of the receiver, has taken into its own hands the subject-matter of the litigation over such claims as may be presented, and holds it pending the proceedings, and until the final disposition of all questions, legal or equitable, involved in the action. It would lend to most unseemly struggles if parties having claims against insolvent banks could apply to any other tribunal for such allowance, and thus compel the receiver; who must in all such cases be made the party defendant,

to appear in other jurisdictions to defend against the
action.   To permit the receiver to be sued in any other
court upon such claims would not be compatible with the
dignity and authority of the court appointing him, and
would lead to great inconvenience and cost to the estate
which the receiver represents.   The proper and orderly
manner for the allowance of such claims is by petition to
the court appointing the receiver, and in the same action.
The practice is for persons having claims against property
in the hands of a receiver to intervene in the suit by
petition, and have their rights adjudicated.   Beach, Rec.
§ 654.   The court should grant leave to the petitioner so
to intervene and prove his claim, unless it clearly appears
that the demand has no legal foundation.   The insolvent
bank is not the party to be impleaded.   The receiver is the
only proper party.   He has the assets of the bank under
his control, and is bound to protect the fund for those
who are legally entitled to distributive shares.   No suit
could be brought by or against the receiver without leave
of the court appointing him; but that court should in all
cases permit the party having a claim to intervene in the
proceeding, and make proof of it, when he shows a proba-
ble cause of action, and in appropriate cases the trial
should be upon the law side.

From what has been said in this proceeding, it is very
probable the learned circuit judge will permit the relator
to intervene, and the writ of *mandamus* will not be neces-
sary to compel action.

The other Justices concurred.