## In re EARLE.

(Circuit Court, E. D. Pennsylvania.  February 27, 1899.)

NATIONAL BANKS—SALE OF COLLATERALS BY RECEIVER—POWER OF COURT TO ORDER.

    The courts are not vested with any general supervisory or directing power over the liquidation of insolvent national banks, and cannot order or authorize a receiver to sell at private sale securities held by the bank as pledgee, which do not come within the authority given by Rev. St. § 5234, to order the sale or compounding of bad or doubtful debts, or the sale of real or personal property of the association.

This was a petition by George H. Earle, as receiver of the Chestnut Street National Bank, for an order authorizing him to sell certain collaterals.

Asa W. Waters and W. H. Addicks, for petitioner.

DALLAS, Circuit Judge.  The prayer of the annexed petition is for a decree authorizing the petitioner, as the receiver of a national bank, to sell certain certificates of stock, which were held by the bank as pledgee, and not as owner, at private sale, "the proceeds thereof to be applied by him to the part payment of said notes," etc.  The authority to make such a decree is supposed to be conferred by section 5234 of the Revised Statutes.  But it is not.  That section provides that a court of record of competent jurisdiction may make an order to sell or compound bad or doubtful debts, or for sale of real or personal property of the association.  The order now asked is for neither of these.  It is obviously not for the sale or compounding of a debt, and the property which it is contemplated to sell is not the property of the association.  No general advisory or directing power is vested in the court.  It is for the receiver, under the direction of the comptroller, to collect all debts, dues, and claims belonging to the bank, in accordance with the provisions of law.  It is only when debts are bad or doubtful, and it is deemed expedient to sell or compound them, that the court can be called upon to make any order respecting them.

The learned counsel of the petitioner have referred me to the cases of Ellis v. Little, 27 Kan., 707, and In re Third Nat. Bank, 4 Fed. 775. I find nothing in either of them to lead me to doubt the correctness of the views I have hastily expressed.  The petition is dismissed, without prejudice.