MERRITT JEFFRIES, as Receiver, etc., *Appellee,* v. GEORGE T. BACASTOW et al. (G. LUTHER BROWN et al., *Appellants*).

No. 18,334.

SYLLABUS BY THE COURT.

1. INSOLVENT BANK—*Appointment of a Receiver—Not a Judicial Act.* The appointment by the bank commissioner of a receiver for an insolvent state bank, under the banking act of this state, is not a judicial act which must be performed by a court and not by an executive officer.

2. ———— *Receiver May Sue Without Authority from any Court.* The power given by statute to a receiver of an insolvent state bank to wind up the affairs and business of the bank for the benefit of depositors, creditors and stockholders includes the power to bring suit in his own name and without previous authority of court to enforce the liability of directors of the bank for permitting excessive loans, for permitting overdrafts, and for gross negligence in the discharge of official duties, whereby the bank suffered loss.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed October 11, 1913. Affirmed.

*J. E. Torrance,* of Winfield, for the appellants; G. H. *Buckman, S. C. Bloss,* both of Winfield, and *C. T. Atkinson,* of Arkansas City, of counsel.

*Fred S. Jackson,* of Topeka, *W. P. Hackney, J. T. Lafferty,* both of Winfield, *Albert Faulconer,* and *W. L. Cunningham,* both of Arkansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff is the receiver of the Citizens' and Farmers' State Bank of Arkansas City. The defendants are directors of the bank. The plaintiff was appointed by the bank commissioner of the state upon his finding the bank to be in an insolvent condition. The action was brought by the receiver, without a preliminary order from any court, to enforce the liability of the defendants upon several causes of action for permitting excessive loans, for permitting overdrafts, and for gross negligence in the discharge of official duties, whereby the bank suffered loss. A demurrer to the petition was overruled and the defendants appeal.

The bank commissioner is an executive officer having broad and thoroughgoing supervisory power over the conduct of the banking business of the state. Banks are required to make stated reports to him of the condition and conduct of their affairs. He is authorized, by himself and by deputy, to make examinations of banks, and to that end to administer oaths and examine under oath bank owners, officers, agents, and employees. The legislature itself has defined the term "insolvency" as applied to banks, has fixed the maximum liability which a single individual, corporation or firm may be permitted to incur, and has made directors personally liable to the bank for overdrafts. Section 487 of the General Statutes of 1909 reads as follows:

"If, upon examination by the state bank commissioner or his deputy, or from any report made to the bank commissioner, it shall appear that any bank is insolvent, or has willfully violated any requirement of the act to which this is amendatory, it shall be the duty of the bank commissioner to immediately take charge of such bank and all property and effects thereof. The bank commissioner may appoint a special deputy bank commissioner to take charge of the affairs of an insolvent bank temporarily until a receiver is appointed; such deputy shall qualify, give bond and receive compensation the same as the regular deputy; such compen-

sation to be paid by such bank or allowed by the court as costs in case of the appointment of a receiver; *provided,* that in no case shall any bank continue in charge of such special deputy for a longer period than ninety days. Upon taking charge of any bank, the bank commissioner shall, as soon as possible, ascertain by a thorough examination into its affairs, its actual condition; and whenever he shall become satisfied that such bank can not resume business or liquidate its indebtedness to the satisfaction of all its creditors, he shall forthwith appoint a receiver and require of him such bond and security and allow him such reasonable compensation as he deems proper; such compensation to be subject to the approval of the district court of the county in which such bank is located, upon the application of any party in interest. Such receiver, who shall be a resident of the county in which such bank is located, under the direction of the bank commissioner, shall take charge of such bank and its assets, and wind up the affairs and business thereof for the benefit of its depositors, creditors and stockholders."

The defendants take the position that this law is unconstitutional. The argument is that the appointment of a receiver is a judicial act to be performed by a court of equity, and that it can not be performed by an executive officer, like the bank commissioner, under a government framed like ours upon the theory of a separation of powers. This argument is built entirely upon a name. The person spoken of as "receiver" might just as well have been called a special deputy bank commissioner. Before insolvency the management of a bank is placed by law in the hands of a body of men, created by statute, designated a board of directors, who act under the supervision and in many respects under the control of the bank commissioner. After insolvency, and in certain other contingencies, this management is exercised by a single official chosen by the bank commissioner, who is called, for convenience and by analogy, a receiver.

The state, in the exercise of its police power, con-

32—90 KAN.

trols the business of banking in the interest of the public welfare, and interferes, now to a less and now to a greater extent, as conditions may warrant. By investigation or by other means the bank commissioner discovers certain things which constitute insolvency or other ground for winding up the affairs of the bank. His finding of fact is no more adjudication than the conclusion he reaches that available funds are below the lawful reserve, which must be made good, that an excessive loan must be reduced, or that capital stock has been impaired. The fact of insolvency having been discovered, the statute directs the bank commissioner's course, and the designation by him of a person to wind up the affairs of the bank is no more a judicial act than his order to the board of directors to remove a dishonest cashier. His powers are purely administrative and in no way infringe upon the ancient authority of courts to determine rights of person and property in specific controversies pending before them.

The legal principles involved are sufficiently discussed in the cases of *Schaake v. Dolley,* 85 Kan. 598, 118 Pac. 80, and *Balch v. Glenn,* 85 Kan. 735, 119 Pac. 67, and in the authorities there cited.

"It has been held that the appointment of a receiver is not necessarily a judicial act in all cases, in the sense that it must be made only by the courts. And the right of the legislature of a state to enact a law, authorizing the governor of the state to appoint a receiver of an insolvent banking corporation, is not a violation of the constitutional provision limiting each department of the government to its own particular sphere; the appointment of a receiver under such law being in no manner a decree or judgment affecting title to property, and not being a final determination of any rights, either legal or equitable." (High on Receivers, 3d ed., § 39.)

It is argued that, conceding the statute to be constitutional, no power is expressly granted to the receiver to institute an independent action on his own initiative and in his own name for the purpose sought to be accomplished by this suit. The obligations of the

defendants declared on in the petition are assets of the bank, and the power given the receiver after taking charge of an insolvent bank "to wind up the affairs and business thereof for the benefit of its depositors, creditors and stockholders" includes the power to bring such suits as are necessary to that end. In certain matters, as in the sale or compounding of doubtful debts, the receiver is required to obtain permission from the proper court, but no such restriction is imposed upon the bringing of suits to collect assets.

The judgment of the district court is affirmed.