# Walker, Supt. *v.* Mutual Alliance Trust Co.

Petition for Intervention, and Other Relief.

(Decided April 20, 1916.   71 South. 697.)

1. **Pleading; Construction; Demurrer.**—When attacked by demurrer facts stated in a petition must be treated as true.

2. **Banks and Banking; Administration by State Department; Rights of Creditors.**—Where a bank was unable to meet its engagements promptly, if not actually insolvent, and was taken charge of through the agency of the State Superintendent of Banks vested by statute with the powers and duties to such end, by bill in chancery, and such superintendent as agent, or quasi-

[Walker, Supt. v. Mutual Alliance Trust Co.]

trustee or receiver, settled an indebtedness to the bank by accepting from the debtor conveyance of a lot of land, and such settlement was ratified by the court, the court, on the petition of a creditor of the bank secured by notes and mortgages held by the bank against its debtor might protect the interest of all the parties by enforcing the creditor's lien at least to the amount of the debt for which it held the collateral, and which the bank owed it, or to its aliquot part thereof, among other creditors having a lien, since the law would imply a promise and a duty to so account.

3. **Same; Ratification by Creditors.**—The filing of a petition on the part of a creditor of the bank seeking to enforce his lien as in this instance was a ratification by the creditor of the settlement made by the superintendent with the debtor of the bank.

4. **Same; Claim of Creditors; Venue.**—Under Acts 1911, p. 83, the proceedings here attempted may be maintained against the superintendent in his representative capacity in the county in which he was administering the trust, and in the same court in which he was acting as quasi-receiver.

5. **Same; Compromise of Debt; Validity.**—Having acted in the matter of compromising the debt to the bank, and his action having been approved by the court and the parties in interest, the superintendent of banks could not set up the invalidity of his act as an answer to this petition.

APPEAL from Geneva Chancery Court.

Heard before Hon. M. R. CHAPMAN.

A. E. Walker, as State Superintendent of Banks, assumed control of the business of the Bank of Geneva, and made certain settlements with the debtors of the bank, and was proceeding to enforce his administration in the chancery court, whereupon the Mutual Alliance Trust Company filed a petition in said court seeking to enforce a lien on property received by Walker as Superintendent, in settlement of an indebtedness to the bank claiming to hold as collateral the notes and mortgages given by such debtors to the bank, and by the bank pledged to them as security for a loan. From a decree overruling demurrer to the petition, the Superintendent appeals. Affirmed.

W. O. MULKY, for appellant. C. D. CARMICHEAL, for appellee.

MAYFIELD, J.—The Bank of Geneva is an Alabama corporation, engaged in the banking business at Geneva, Ala. In time it became heavily indebted, and not able to meet its engagements and duties promptly, if not actually insolvent. Its business was, on this account, taken charge and control of by the chancery court of Geneva county, by and through the agency of appellant, who is the superintendent of banks of Alabama, and upon whom is conferred powers and imposed duties to this end,

by virtue of a statute. Appellee was among the large creditors of this bank, the bank securing its indebtedness to appellee by depositing with it notes and mortgages which the bank held against its (the bank's) debtors, including those evidencing a debt owing it by K. M. Clark and McDuffie & Clark. Appellant, in his official capacity, and as agent or quasi trustee or receiver of the court, compromised or settled the indebtedness due the Bank of Geneva from K. M. Clark; and in consideration therefor, and in satisfaction of the indebtedness due the bank, accepted a conveyance of a lot of land from the debtors to the creditor, or to appellant in his respresentative capacity. This settlement, whether expressly authorized by the court or the law, was ratified by the court; and on the filing of this bill or petition it was ratified by all who had a right to complain. The appellee bank filed a petition in the chancery court of Geneva county, which was administering the trust, asking that the appellant, as superintendent of banks of Alabama and as quasi trustee or receiver of the funds or business of the Bank of Geneva, be made a party to the proceedings, and that the chancery court assume jurisdiction of the petition and declare and enforce a lien in favor of petitioner upon certain property received from McDuffie & Clark, or the Clarks, in settlement of debts due to the Bank of Geneva, upon the strength of the notes held as collateral to secure the debt which the Bank of Geneva owed petitioner. Appellant demurred to the petition or bill, assigning various grounds, including a want of equity in the proceedings. The chancellor overruled appellant's demurrer, and from the decree appellant prosecutes this appeal.

(1-3) The petition or bill, whatever it may be called, seems to us on its face to contain much equity, and asks that nothing be done which is not equitable. Moreover, we know of no law, statutory, common, or other, that stands in the way of a court of equity's assuming jurisdiction and affording relief, if the facts stated in the petition are true—and on demurrer, of course, they must be treated as true. The chancery court of Geneva county is shown to be administering the trust, and appellant and his agents are agencies of the court and the law, in the nature of trustees or receivers for the court; and the funds, including the lands in question acquired from the debtors of the bank, are for the benefit of the creditor of the bank; and if one of the debts so settled by the conveyance of lands was the debt which appellee

held the collateral to secure, it is entitled to a lien, at least to the amount of the debt for which it held the collateral and which the Bank of Geneva owed it, or certainly to its aliquot part thereof, among other creditors having a lien, if such there be.

There is no attempt, so far, to hold appellant liable personally or officially, except in so far as he is a quasi trustee or receiver of the funds of the Bank of Geneva, the affairs of which are being administered in the chancery court of Geneva county. The court can surely protect the interests of all parties concerned, and no injustice or wrong will be done any person or corporation.—34 Cyc. 420, 507.

It is insisted by appellant that he, as bank superintendent, had no knowledge or notice of appellee's claim when he made the settlement with McDuffie & Clark, or the Clarks, and acquired the lands in settlement of the debts which they owed the Bank of Geneva. We are not prepared to say that the notice to him of appellee's claim or right was necessary to the relief prayed; but, if so, the petition in terms alleges that he did have such notice, and this hearing is on demurrer.

It is also claimed by appellant that the settlement was not made for the benefit of appellee, and that no promise was made to account to appellee. If the facts alleged are true, it required no express promise; the law would imply a promise, and impose a duty, to so account.

It is also insisted that appellee did not authorize the settlement, and has not ratified it. The answer to this contention is that this proceeding on the part of the appellee is a ratification thereof.

If the land had been converted into money, our authorities hold that appellee might maintain assumpsit under the facts set forth in the petition. See *Potts & Potts v. Bank*, 102 Ala. 286, 288, 14 South. 663, which collects the authorities. As the lands are not yet converted into money, and the trust is yet being administered by the chancery court, that court, of course, has jurisdiction to give full and adequate relief.—*Henry v. Henry*, 103 Ala. 595, 15 South. 916.

(4) There can be no doubt about the right to maintain this proceeding against appellant, in his representative capacity, in Geneva county, where he is administering the trust and in the same court in which he is acting as quasi receiver.—Acts 1911, p. 83; *Henry v. Henry, supra.*

[Moore, et al. v. Altom.]

What was said in several recent cases by this court is applicable here. Appellant is only proceeded against as a quasi trustee or receiver of the court administering the trust estate, and there is no question that his activities can be controlled within proper bounds by the court, nor that with the court's consent he may be proceeded against.—*Coffee v. Gay*, 191 Ala. 137, 67 South. 681, L. R. A. 1915D, 802; *Cobbs v. Vizard Co.*, 182 Ala. 372, 62 South. 730, Ann. Cas. 1915D, 801.

(5) The receiver having acted in the matter, and his action being approved by the court and the parties interested, he cannot now set up the invalidity of his acts.—34 Cyc. 411.

It follows that the decree appealed from will be affirmed. Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.