(164 So. 662)

JACKSON, Superintendent of Banks, v. WHITESELL. (4 Div. 197.)

(Supreme Court of Alabama. May 21, 1925. Rehearing Denied June 18, 1925.)

1. Banks and banking ☞80(10)—"Claim" for compensation for mortgaged property converted by bank held within jurisdiction of court of equity.

Claim against assets of bank in liquidation for conversion of personalty, so as to destroy claimant's mortgage lien, *held* claim which court of equity has jurisdiction to hear and determine, in action under Code 1923, § 6312, after timely proof thereof and notice of rejection by superintendent of banks, under sections 6310, 6311; "claim" being used in sense of "cause of action."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Claim.]

2. Banks and banking ☞80(10)—Bank need not be made defendant in creditor's suit, on claim rejected by superintendent of banks.

Bank, in liquidation by superintendent of banks, who is vested with full power, as statutory receiver and trustee, to deal with its assets for benefit of all having just claims against them, need not be joined as defendant in action under Code 1923, § 6312, on claim rejected by superintendent.

3. Appeal and error ☞187(3)—Jurisdiction of subject-matter or parties present, in suit on claim rejected by bank superintendent, not destroyed by nonjoinder of bank as party defendant, without objection by superintendent.

Where bank superintendent elected to litigate claim rejected by him, in action brought under Code 1923, § 6312, without joinder of bank as party defendant, by failing to object in trial court, its absence, if improper, did not destroy court's jurisdiction of subject-matter or parties present, and could not be raised by him on appeal.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Petition in equity by V. M. Whitesell against A. E. Jackson, as Superintendent of Banks, in charge of the Bank of Eufaula. Decree for petitioner, and respondent appeals. Affirmed.

W. H. Merrill, of Eufaula, and Steiner, Crum & Weil, of Montgomery, for appellant.

A judgment rendered without the corporation or person who committed the tort before the court is invalid. Gillespie v. Gibbs, 147 Ala. 449, 41 So. 868; Roe v. Durham, 195 Ala. 584, 71 So. 109; Finance Co. v. Charleston, etc., Co. (C. C.) 46 F. 508; 21 C. J. 780; Comer v. Bray, 83 Ala. 217, 3 So. 554. The Bank of Eufaula was an essential party. Northern Pac. R. Co. v. Heflin, 83 F. 93, 27 C. C. A. 460; 32 C. J. 428; 14a C. J. 984. The superintendent of banks cannot be sued for a

tort committed by the corporation before his appointment or selection. Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814, 11 L. R. A. 480; Denton v. Baker, 79 F. 189, 24 C. C. A. 476. The mortgage, the basis of the suit, describes no particular property, and will not sustain the decree. Wood v. West Pratt Coal Co., 146 Ala. 479, 40 So. 959.

Guy W. Winn and G. E. Jones, both of Clayton, and Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

The chancery court of the county in which the bank was located has jurisdiction to settle all controversies between claimants and the superintendent of banks. Walker v. Mutual Alliance Co., 196 Ala. 154, 71 So. 697; Green v. Birmingham T. & S. Co., 204 Ala. 29, 85 So. 469; Walker v. Sellers, 201 Ala. 189, 77 So. 715; Lummus C. G. Co. v. Walker, 195 Ala. 552, 70 So. 754. Petitioner's claim is within the purview of the statute. Fretwell v. McLemore, 52 Ala. 140; Jones v. Drewry, 72 Ala. 311; Barrett v. Mobile, 129 Ala. 184, 30 So. 36, 87 Am. St. Rep. 54. The description in the mortgage is sufficient. Hurt v. Redd & Co., 64 Ala. 87.

SAYRE, J. After the superintendent of banks had taken over the affairs of the Bank of Eufaula, appellee filed his petition, representing to the circuit court, sitting in equity, that the bank had prior to that event taken possession of certain described personal property on which appellee had a mortgage lien, and had disposed of the same in such wise as to destroy his lien, that he had presented his claim within the time prescribed by law, and that said claim had been rejected by the superintendent of banks. After a hearing on decree pro confesso and the depositions of witnesses examined by appellee, the court entered a decree allowing appellee's claim, and ordering its satisfaction out of any funds or assets coming into the hands of defendant as the liquidating agent of the Bank of Eufaula under the statute.

[1] The single question presented is whether the court was clothed with jurisdiction to hear, and determine in favor of its validity, appellee's claim against the assets of the Bank of Eufaula.

Article 1 of the chapter on Banks and Banking of the Code of 1923 requires (section 6310) that all persons who have claims against the bank in liquidation—not, however, including deposits shown by the books—shall make proof thereof within a time to be designated by the superintendent under the statute, and (section 6311), if the superintendent rejects the claim, he must serve notice of such rejection upon the claimant, and (section 6312) "an action upon a claim so rejected must be brought by petition to the court having jurisdiction of the affairs of the bank by the

claimant within six months after such service or the same shall be barred." Appellee has followed the statute, and if his claim against the bank is a claim within the meaning of the statute, the jurisdiction of the court to determine its validity as a charge against the assets of the bank cannot be attacked, and its decree must be affirmed.

Appellant refers to appellee's petition as a complaint in tort. Whether in the nature of a complaint in tort or not, we look upon it as a claim of compensation for property of appellee converted by the bank to its own use. The statute discriminates between deposits and other claims. Other claims must be presented as provided by the statute, or they are shortly barred. "Claim" is used in the statute in the sense of "cause of action," and any reasonable definition will include the claim asserted by appellee. There is no insuperable obstacle in the way of an adjudication of claims for damages in a court of equity which has obtained jurisdiction of the cause on other distinctly equitable grounds. Here the statute creates the equitable jurisdiction for the settlement of claims in general, and, as we view it, the record discloses no reason, moral or legal, why appellee's claim should not be treated as within the provision made for all other claims not based upon deposits. A like view seems to have been entertained by the court in Walker v. Mutual Alliance Trust Co., 196 Ala. 154, 71 So. 697.

[2] Whether the bank should have been joined as party defendant is a question we do not decide. Appellant, as statutory receiver and trustee, is vested with full power to deal with the assets of the bank in liquidation for the benefit of all persons having just claims against them; appellee's application was to the proper court, the court designated by the statute (Walker v. Mutual Alliance Trust Co., supra); and the court is of opinion that the whole purpose and scheme of the statute would exclude the conclusion that the process of liquidation should be delayed until claims of this or any other character against the assets in the hands of the receiver or trustee could be litigated in a different tribunal. We have quoted above the language of the statute requiring that "action be brought by petition" to the court having jurisdiction of the affairs of the bank by the claimant, within six months after service of notice on the claimant that his claim has been rejected, "or the same shall be barred." This provision appears to dispose adequately of every probable need for litigation on behalf of creditors seeking only to establish the validity of their claims against the denial of the superintendent. Such a creditor might of course intervene for the assertion of his rights in the event the trust has been taken into equity for administration. But, in the absence of such

proceeding, to relegate him to a customary action against a moribund corporation would deny all certainty of effective relief, for it might very well be that, pending such action, the assets of the bank would be distributed, unless, indeed, distribution be delayed until all creditors, waiting within the limits of the general statutes of repose, shall bring and prosecute their separate actions to judgment. The statute, in our judgment, does not intend that a single disputed claim should necessarily involve the affairs of the liquidating bank in the expense of an administration in equity, nor that there should be the customary delays of litigation, nor that meritorious claims should be denied, and all these it avoids by the short process provided. In every such proceeding the superintendent is afforded full opportunity to protect the interests of the estate in his keeping.

[3] If, therefore, appellant preferred to litigate the claim in controversy without the presence of the bank—his preference to that effect being shown by his failure to object in the trial court on the ground of its absence—that absence, if improper in any case, did not destroy the court's jurisdiction over the subject-matter or the parties present, and the suggestion of its absence comes now too late to affect the decree with error.

The remaining suggestion on behalf of appellant is that appellee proved some items of recovery, some articles of personal property, not named in the mortgage. But we think the mortgage may be fairly construed to cover all the items proved before the court for which complainant was allowed a decree.

It will be understood that we intend nothing as to whether appellee is entitled to a preference over other creditors. Nothing is said in the briefs on this subject. We say nothing. For aught appearing the decree is free of reversible error, and must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.