No. 27,077.

GEORGE T. BACASTOW, *Appellant*, v. MERRITT JEFFRIES, Receiver of the Citizens and Farmers State Bank of Arkansas City, A. H. DENTON, R. A. BROWN and WILLIAM E. KROENERT, *Appellees*.

SYLLABUS BY THE COURT.

BANKS AND BANKING — *Insolvency — Liability for Misappropriation by Receiver—Sufficiency of Petition.* Where, in an action by a depositor of an insolvent bank to recover from the receiver and his bondsmen on account of alleged conversion and misappropriation of the bank's funds, a petition failed to allege that the depositor's claim had ever been filed, proved or reduced to judgment or demand made therefor on the receiver, or the alleged derelictions of the receiver called to the attention of the bank commissioner, a demurrer thereto was properly sustained.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed January 8, 1927. Affirmed.

*C. T. Atkinson*, of Arkansas City, for the appellant.

*Albert Faulconer, Kirke W. Dale* and *C. L. Swarts*, all of Arkansas City, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on the bond of a receiver of an insolvent bank. A demurrer to plaintiff's petition was sustained and he appeals.

Banks and Banking, 7 C. J. p. 737 n. 5.

The plaintiff alleged in substance that the Citizens and Farmers State Bank, then engaged in a general banking business at Arkansas City, was taken over by the bank commissioner August 18, 1910; that the defendant Jeffries was appointed receiver, executing bond for $20,000, signed by the other defendants as sureties; that Jeffries in the course of his duties as receiver collected $3,800 from one Rowan in 1922 for oil stock purchased by Rowan from Jeffries (receiver) and that he (Jeffries) collected from various other parties, including plaintiff, sums aggregating $2,500; that he converted to his own use funds due the depositors of the insolvent bank to the amount of from one to two thousand dollars; that he filed a report in the district court of Cowley county in November, 1922 or 1923, disclosing the sum of $100 in his possession, which he claimed as attorney's fees; that it was later ascertained that this report was untrue and the defendant was ordered to make a new and correct report, which he failed to do; that an order of contempt was issued against the defendant but was evaded by him, and that about June, 1925, the court set aside the defendant's report; that there is due plaintiff as a depositor, on a first cause of action, $64 and on a second, $179.41, by assignment from L. W. Burnett, another depositor. A copy of the bond was attached to and made a part of the petition.

The defendants Denton, Brown and Kroenert demurred on the ground that there was a defect of parties plaintiff; that the plaintiff had no capacity to sue and that the petition did not state facts sufficient to constitute a cause of action.

The plaintiff's petition did not allege the filing and proof of his claim, that it had ever been allowed or rejected or demand made upon the receiver therefor, or whether it might ever have been reduced to judgment. It alleged that certain moneys had been wrongfully converted to the use of the defendant Jeffries; that certain other moneys had been misappropriated on the claim that they were attorney's fees. If such allegations were true, the funds so converted to the use of the defendant, Jeffries, and the funds misappropriated as attorney's fees belonged to the estate or the fund from which all depositors were entitled to a part. The petition failed to allege that the claimed conversion and misappropriation of funds had ever been called to the attention of the bank commissioner or the representatives of the state. It failed to allege that any demand had ever been made upon the receiver or the bank commissioner for

plaintiff's proportionate part of the funds so converted and misappropriated. The bank being in an insolvent condition, was taken charge of by the bank commissioner in 1910. Under the statute (R. S. 9-130, 9-204) he proceeded to wind up its affairs. In such process, he appointed a receiver (Jeffries). Provisions of the same statute were considered in *Labette County Commissioners v. Peterson*, 118 Kan. 560, 235 Pac. 848, where it was said that,

"The statutory scheme of bank supervision appears to have been constructed on the idea of plenary power in the bank commissioner, to take charge of all the affairs of an insolvent bank and unhampered by the interference of other authorities, to liquidate its assets and pay its depositors and other creditors. Discretion as to methods and agency for reaching this end is therefore largely vested in the commissioner."

In *Jeffries v. Bacastow*, 90 Kan. 495, 497, 135 Pac. 582, it was said:

"The person spoken of as 'receiver' might just as well have been called a special deputy bank commissioner. Before insolvency the management of a bank is placed by law in the hands of a body of men, created by statute, designated a board of directors, who act under the supervision and in many respects under the control of the bank commissioner. Aftere insolvency, and in certain other contingencies, this management is exercised by a single official chosen by the bank commissioner, who is called, for convenience and by analogy, a receiver."

The facts alleged in plaintiff's petition, if true, should have been laid in some appropriate form before the bank commissioner and allegations of such action together with other essential allegations showing failure to obtain relief would have stated a cause of action against the receiver and his bondsmen. The powers of a court of general jurisdiction to make judicial inquiry touching the dissipation of a bank's assets by or through a receiver is a proper proceeding when the basic antecedent steps have been taken. (*Labette County Commissioners v. Peterson*, supra.) The allegations of plaintiff's petition in the instant case were insufficient.

The judgment is affirmed.