CLIFTON CITY BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18491.   Promulgated March 28, 1927.

The taking of possession by the Bank Commissioner of the State of Missouri of a state bank therein for the purpose of liquidation on account of insolvency of the bank is such a receivership as will deprive the Board of jurisdiction of a proceeding brought before it subsequent to the said action of the Bank Commissioner.   Section 282 (a) of the Revenue Act of 1926.

*Albert S. Lisenby, Esq.,* for the respondent.

This proceeding came on for hearing on the motion of the respondent to dismiss on the ground that the petitioner is, and was at the time of filing its petition on July 13, 1926, in receivership, within the meaning of section 282 (a) of the Revenue Act of 1926.

FINDINGS OF FACT.

The petitioner is a banking corporation organized under the laws of the State of Missouri to do a general banking business.   It was so organized and conducted such business for a number of years prior to the year 1922.   Since May, 1926, it has been in the hands of the Bank Commissioner of the State of Missouri, going through the process of liquidation due to insolvency.

The statutory notice of deficiency was mailed to the petitioner on May 14, 1926, advising it of a deficiency in income tax for the year 1922, in the amount of $123.77.

The petitioner filed its petition with the Board on July 13, 1926.

OPINION.

KORNER, *Chairman:* If the action of the Bank Commissioner of the State of Missouri in taking possession of the property and effects of the Clifton City Bank and the process thereafter of liquidating the same constitutes such a receivership proceeding as is contemplated by section 282 (a) of the Revenue Act of 1926, the Board is without jurisdiction to hear and determine this appeal. *Plains Buying & Selling Association* v. *Commissioner,* 5 B. T. A. 1147; section 282 (a) of the Revenue Act of 1926.   Accordingly, the only question for determination is whether the acts and procedure of the Bank Commissioner constitute such a proceeding within the meaning of that section.

The laws of Missouri of 1915, p. 102, sec. 11673, Rev. Stats. Mo., 1919, vol. III, pp. 3649 *et seq.,* provide for a State Banking Department under the management and control of the Bank Commissioner;

empower the latter to take possession of the business and property of a bank when the same shall be discovered to be insolvent; authorize a judicial proceeding, on application of the bank, in the district in which the principal office of the bank is located, within ten days of the taking of possession, to determine whether the Bank Commissioner may continue in possession; authorize the Bank Commissioner upon taking possession to liquidate the affairs of the bank, collect debts due it, conserve its assets and business, dispose of its property, compound its debts, and compromise claims against it upon order of the circuit court. The Bank Commissioner is required to notify creditors to make proof of claims and may accept or reject the same, but must within thirty days after the acceptance or rejection of the same file a list of such claims in his office and file one copy in the office of the recorder of the county or city in which the principal office of the insolvent bank is located. A judgment recovered against the bank after the Bank Commissioner has taken possession does not operate as a lien. The Bank Commissioner is authorized to prosecute and defend any and all actions and legal proceedings in the name of the insolvent bank and to execute, acknowledge and deliver any and all instruments necessary to effectuate the liquidation.

The liquidation sections of the banking acts of Missouri do not materially differ from those of the National Banking Act or from those of the banking acts of the other States. Sec. 5234 et seq., Rev. Stats., U. S.; sec. 9821 et seq., U. S. Comp. Stats.; Birdseye's Cons. Laws of New York (2d ed.), vol. 1, pp. 509–526; General Acts of Alabama, 1911, pp. 60–67; Code of Alabama, 1923, sec. 6275 et seq.; Olson's Oregon Laws, 1920, sec. 6223; Wisc. Stats., 1913, sec. 2022; 1925, sec. 220.01 et seq.; Vernon's Sayles' Tex. Civ. Stats., 1914, art. 523; Vernon's Ann. Tex. Stats., 1925, art. 369 et seq.

It has been uniformly held that under such circumstances the Comptroller of the Currency or a bank commissioner is, and acts as, a statutory receiver. In re Bologh, 185 Fed. 825; In re Union Bank of Brooklyn, 161 N. Y. S. 29, 36; 204 N. Y. 313, 316; 97 N. E. 737; In re Bank of Cuba in New York, 191 N. Y. S. 88; Montgomery Bank & Trust Co. v. Walker, 181 Ala. 368; 61 So. 951; Bennett v. Green, 156 Ga. 572; 119 S. E. 620.

A law authorizing the Comptroller of the Currency or a superintendent of banks to take possession of the property and effects of an insolvent or unsafe bank is not unconstitutional as a legislative invasion of judicial power or as a violation of the due process clause. Bushnell v. Leland, 164 U. S. 684; In re Chetwood, 165 U. S. 443; Montgomery Bank & Trust Co. v. Walker, supra; State Savings & Commercial Bank v. Anderson, 165 Cal. 437; 132 Pac. 755; affd. 238 U. S. 611; Jeffries v. Brown, 90 Kans. 495; 135 Pac. 582.

It is the apparent intent of such statutes to throw the entire control of an insolvent bank into the hands of the designated official for the purpose of facilitating the winding up of its affairs and the payment of its obligations. *Jackson* v. *United States*, 20 Ct. Cls. 298; *Bennett* v. *Green, supra*.

Equity will enjoin any unauthorized interference with such statutory receiver's possession of the assets of an insolvent bank. *Bennett* v. *Green, supra*. Property in his possession as such receiver is *in custodia legis*. *Citizens' Savings Bank* v. *Ingham*, 98 Mich. 173; 57 N. W. 121. In Alabama the statutory receiver administering the insolvent estate is an agent or receiver of the court. *Walker* v. *Mutual Alliance Trust Co.*, 196 Ala. 154; 71 So. 697, 698.

Under the provisions of the statutes of the United States and the various States, the property of an insolvent bank can not be sold, nor can its debts be compounded by such a receiver, except upon order of a court of competent jurisdiction, and a sale or compounding not so authorized, or contrary to the order authorizing it, is void. *Schofield* v. *Baker*, 212 Fed. 504; *Tourtelot* v. *Booker* (Tex. Civ. App., 1913), 160 S. W. 293, and cited cases. A sale by a receiver of a national bank, under order of the court, in accordance with the statutory provisions referred to, is a judicial sale. *In re Third National Bank*, 4 Fed. 775.

In *Montgomery* v. *Chemical National Bank of New York*, 209 Ala. 585; 96 So. 898, the court, in referring to the status of the statutory receiver of insolvent banks in Alabama, stated:

The Banking Act (Acts 1911, p. 50, et seq.) indicates that, when the Superintendent takes charge of the affairs of an insolvent bank, he becomes a statutory assignee of its assets, a receiver with such powers and duties as are usually incident to receiverships * * *.

In *Montgomery Bank & Trust Co.* v. *Walker, supra*, the court, in speaking of the act of the statutory receiver in taking possession of the assets and effects of an insolvent bank, referred to it as a *proceeding* in these words:

Moreover, we do not understand the act as making this proceeding operate as a change in the ownership or legal title to the property, but the superintendent is in reality a receiver who takes charge of the bank for the benefit of the stockholders, depositors, and other creditors.

High on Receivers, 3d ed., sec. 39, is quoted with approval in the case of *Jeffries* v. *Brown, supra*, to the following effect:

It has been held that the appointment of a receiver is not necessarily a judicial act in all cases, in the sense that it must be made only by the courts. And the right of the Legislature of a state to enact a law, authorizing the Governor of the state to appoint a receiver of an insolvent banking corporation, is not a violation of the constitutional provision limiting each department of the government to its own particular sphere; the appointment of a receiver

under such law being in no manner a decree or judgment affecting title to property, and not being a final determination of any rights, either legal or equitable.

It appears from the above review of the authorities that the provisions of the statutes, which provide that some administrative officer in a State whose powers and duties require him to take immediate and summary possession of the property of an insolvent bank, are intended to be substitutes for the method of instituting receiverships through chancery existing prior to the passage of such acts. Such statutes represent a legislative purpose to obviate delay and expense in administering the estates of insolvent banks. They are intended as a protection to depositors and creditors in general. Such receivership proceedings appear to be different from other receiverships only in the manner in which the receiver is appointed.

In this connection it is significant to note that section 282 (a) of the Revenue Act of 1926 is a development of the amendment offered by the Finance Committee of the Senate to the Senate on January 16, 1926 (H. R. 1, Sen. Rep. No. 52, 69th Cong., 1st sess.). The amendment was in the following language:

If any proceeding for redetermination of such deficiency under the provisions of this Act is pending before the Board at the time of such adjudication of bankruptcy or *appointment of a receiver* and no decision of the Board, final or otherwise, has been rendered therein, then such proceeding shall be dismissed by the Board. (Italics ours.)

The embodiment of the amendment in the statute indicates that Congress had in mind only a state of receivership without reference to the manner in which that receivership had legally been instituted. Any legal receivership, subject to the supervision, control or direction of court, was the evident intent of Congress.

The statutory receivership proceeding having been pending in the case of this petitioner subsequent to the passage of the Revenue Act of 1926 and prior to the filing of its petition, no jurisdiction is conferred on the Board herein.

*Motion granted. Proceeding dismissed.*