## In re BENALLACK.

### NATIONAL BANK OF COMMERCE OF DETROIT v. DETROIT TRUST CO.

RECEIVERS—OWNERSHIP OF TRUST FUNDS IN HANDS OF CREDITOR PROPERLY DETERMINED IN RECEIVERSHIP PROCEEDING.

Where bank filed claim in mortgage company receivership proceeding for balance of its claim, asserting that it had applied certain deposits of said company in its hands on its claim, receiver had right, in said proceeding, by cross-bill, to challenge bank's right to so apply said funds which are alleged to be trust funds collected by said mortgage company for benefit of bondholders, and it was not necessary to commence independent suit.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 12, 1932. (Calendar No. 36,122.) Decided June 23, 1932.

In receivership proceedings of United States Mortgage Bond Company, a Michigan corporation, National Bank of Commerce petitioned to set off certain funds against claim filed with Detroit Trust Company, receiver. Cross-petition by receiver claiming certain funds sought to be set off were trust funds. From order denying motion to dismiss cross-petition, petitioner appeals. Affirmed.

*Warren, Hill & Hamblen,* for appellant.

*Abram W. Sempliner* and *John P. Neudorfer,* for defendant Detroit Trust Company, receiver.

*Stevenson, Butzel, Eaman & Long,* for bondholders' committee.

*Stevens T. Mason,* for American State Trust Company of Detroit, trustee.

NORTH, J. This record presents a matter of practice only. The United States Mortgage Bond Company is in the hands of a receiver. The National Bank of Commerce of Detroit, appellant herein, as a creditor holding collateral, filed its claim. It also petitioned the circuit judge to modify an injunction issued in the receivership proceeding whereby the creditors were restrained from disposing of collateral held incident to obligations of the United States Mortgage Bond Company. The bank alleged it had applied on the amount otherwise due it "various deposits of the United States Mortgage Bond Company" and filed its claim in the receivership for the balance alleged to be due it. The receiver answered

the bank's petition and also filed a cross-petition asserting that $74,043.36 of the amount the bank was attempting to apply on or set off against its claim was in fact a trust fund in the hands of the United States Mortgage Bond Company. An order was issued by the circuit judge to the bank "and all parties interested * * * in said special account" to show cause why the alleged trust fund should not be paid over to the receiver to be by it allocated to the various persons to whom the same belonged. From the circuit judge's order denying appellant's motion to dismiss this cross-petition of the receiver, the appeal under consideration was taken.

The character of the deposit which the bank seeks to use as a set-off and the issues here presented are stated by the trial judge as follows:

"The receiver has filed an answer to the petition filed by the bank and in that answer it sets up that the special account is composed of funds which were collected by the United States Mortgage Bond Company in a representative capacity. It further sets up that it was expressly agreed between the bank and the United States Mortgage Bond Company that this was to be a special account and that the funds were applicable only for the benefit of the beneficiaries entitled thereto.

"The fund is composed of collections made in connection with certain bond mortgages. The trustee under these bond mortgages appointed the United States Mortgage Bond Company its fiscal agent for the purpose of receiving collections. Such collections were made and they are now in the hands of the National Bank of Commerce to the amount of upwards of $74,000. The bank has filed a motion to dismiss the answer of the receiver, as above outlined.

"It is argued in support of this motion that dissolution proceedings are special statutory proceed-

ings, and that the court has no general chancery power. It is further argued that the receiver is not the real party in interest in this proceeding and in fact has no standing in court to question the right of the bank to apply the fund in question to the indebtedness of the United States Mortgage Bond Company to it. * * *

"The bank has filed its claim herein, setting up that it is a creditor to a certain extent, and it has established its claimed balance by applying the amount of the fund in question in reduction of the general indebtedness of the United States Mortgage Bond Company. This is obviously an assertion on the part of the National Bank of Commerce that it has a right to make such application. Having stated the amount of its account by making such application it would seem that the propriety of that application is certainly an issue in this proceeding. The bank, therefore, in my judgment, is estopped from questioning the power of the court to hear and determine the rights of the parties here instead of in an independent suit instituted by the trustee under the bond mortgages.

"As a matter of fact, the trustee is a party to this proceeding. Some at least of the individual holders of bonds have interfered (intervened) through the medium of bondholders' committees, so that bondholders are in part individually represented here.

"It is further argued that the receiver is not the real party in interest so as to give it a standing in court in connection with the determination of the question of the right to those funds. This argument is based upon the proposition that the beneficial interest in the funds lies in the individual bondholders either in their individual capacity or as represented by the trustee of the several bond mortgages. The United States Mortgage Bond Company was not the trustee under these mortgages. It was, however, created fiscal agent in the mortgage indentures for the purpose of collecting payments on principal and

interest and for other purposes. The bank had full knowledge of the terms under which these collections were made, and the account for the purpose of this motion was created in the form in which it stands for the express purpose of segregating and keeping separate the funds so collected.  *  *  *  The only concern that the bank can possibly have is whether or not it has a right to apply (as a set-off) this fund which is composed of moneys not belonging to the United States Mortgage Bond Company but beneficially belonging to holders of the bonds secured under the trust indenture.  *  *  *  Inasmuch as all of the parties at interest are before the court in such a way at least as to permit of the presentation to the court of all phases of the controversy, I can see no reason for holding that the parties must depart from their proceeding as it is now framed under the pleadings as now filed and begin a new plenary action in chancery.  *  *  *

"I think  *  *  *  the bank by filing its petition and setting up that it had already applied the amount of this deposit in reduction of its general credit as against the United States Mortgage Bond Company asserted that it had a right to make that application. Having so asserted that right to make the application, certainly it cannot complain now that such application is challenged on behalf of. the receiver and of the trustee under the bond mortgages."

In accord with the above-quoted opinion of the circuit judge, we can see no reason for holding that the matters here in issue cannot be properly adjudicated under the issue as framed in the receivership proceeding. Clearly, appellant asserted in the receivership proceeding the very right which the receiver challenges by its cross-petition. It is true, as asserted by appellant, that the receiver as such did not succeed to the rights of the trustee under the bond mortgages. *Wallace* v. *Guaranty Trust Co.,*

*ante*, 342. But for the proper administration of his trust it was absolutely necessary that the receiver should accurately determine the amount of appellant's claim against the United States Mortgage Bond Company. This could not be done without adjudicating the right of appellant to make the set-off which is challenged by the receiver. It was a proper matter for consideration and determination in the receivership proceeding. *Citizens' Savings Bank* v. *Ingham Circuit Judge*, 98 Mich. 173.

The order of the circuit judge denying appellant's motion to dismiss the receiver's cross-petition is affirmed. Costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.