159 So. 92

## WILLIAMS, Supt. of Banks, v. CENTRAL HANOVER BANK & TRUST CO.

### 7 Div. 301.

Supreme Court of Alabama.

Jan. 31, 1935.

C. A. Wolfes, of Fort Payne, for appellant.

Haralson & Son, of Fort Payne, for appellee.

THOMAS, Justice.

The appeal is by the superintendent of banks to review the action of the lower court as to the allowance of a claim and participation in dividends to be declared from the proceeds of the bank being liquidated under the statute by such official.

The concrete question for decision is presented by assignment of error 4, which reads as follows: "The court erred in decreeing as follows in its decree of December 20, 1934: 'that the said petitioner is entitled to the relief prayed for and that the order of the Superintendent of Banks limiting the right of the petitioner heretofore made, to participate only in future dividends is hereby reviewed and amended so as to allow the petitioner to be paid twenty per cent of the amount of its claim so as to equalize it with other creditors who have filed and proven their claims, and that it be allowed to participate equally with other creditors in future dividends; it is further ordered that the costs incurred on the hearing of this petition be, and the same is hereby taxed to the assets of the Bank of Valley Head to be paid by the Liquidating Agent thereof out of the funds of said bank.'"

Appellee, Central Hanover Bank & Trust Company, held a note on the Bank of Valley Head at the time of the bank's liquidation, and on June 26, 1929, notice to file its claim was given by the then liquidating agent to appellee by due posting and by due publication, as required by statute, calling upon creditors of the bank to file their claims before October 1, 1929, which was not less than ninety days from date of the first publication, which was on June 28, 1929.

The collateral notes held by appellee were sold on November 20, 1929, and thereafter, on or about April 5, 1930, appellee filed its claim with the liquidating agent for an unsecured balance of $2,714.82.

The receipt of the notice by a due mailing was denied by the appellee. It is further averred and shown that there were negotiations between the superintendent of banks and appellee in an effort to compromise the claim, but that a compromise was never consummated; that on March 5, 1930, the court having jurisdiction of the res authorized a dividend of 20 per cent. on the dollar to the depositors of the Bank of Valley Head, and to other creditors on proved claims; and that this 20 per cent. dividend was paid by the superintendent of banks on March 7, 1930. It will be noted, however, that at such time the claim of appellee had not been presented to the liquidating agent, or superintendent of banks, and that, when the claim was finally presented and allowed, the superintendent of banks entered an order allowing or giving appellee the right to participate or share equally with other creditors in the distribution of the assets in his hands at the time of filing its claim, but denied the right of allowance of a share in the 20 per cent. dividend previously allowed.

The express provisions of the statute for notice within a designated period specify not less than ninety days from the day of the first publication of notice (section 6310, Code); section 6311 provides for the allowance or rejection of claims according to justice and validity and within the time therefor; and section 6312 provides: "Claims presented and allowed after the expiration of the time fixed in the notice to creditors shall be entitled to share in the distribution only to the extent of the assets in the hands of the superintendent at the time such claims are filed, without allowance for previous distribution." Nation v. Montgomery, Superintendent, 228 Ala. 216, 153 So. 420; Montgomery, Superintendent of Banks v. Jefferson County, 228 Ala. 568, 154 So. 785; First Nat. Bank of Birmingham v. Green, Superintendent of Banks, 221 Ala. 201, 128 So. 394; Jackson, Superintendent of Banks v. Whitesell, 213 Ala. 369, 104 So. 662. The superintendent's authority in the matter of an allowance and the fixed status of such a claim are defined by the statute, as we have indicated above. Section 6312, Code.

The decree of the circuit court is not in accord with the views here expressed, and is therefore reversed and a decree here rendered allowing the appellee bank to share ratably in the distribution of the assets remaining in the hands of the superintendent of banks at the time of the filing of its claim, as ruled by the superintendent of banks; but it is not entitled to any part of the assets theretofore distributed to other creditors whose claims had theretofore been allowed.

Reversed and rendered.

All the Justices concur.