168 So. 141

**BAKER v. BALDWIN COUNTY BANK et al.**

1 Div. 893.

Supreme Court of Alabama.

May 14, 1936.

Orvis M. Brown, of Robertsdale, and B. F. McMillan, Jr., of Mobile, for appellant.

360

Beebe & Hall, of Bay Minette, for appellee.

FOSTER, Justice.

This is a suit of interpleader filed by Baldwin County Bank. Appellant and W. D. Stapleton are alleged in it to be the claimants.

Mr. Stapleton in his answer averred that though he paid to the bank the amount described in the bill, it was then owned by W. R. Stuart. Thereupon Stuart filed an intervention in which he alleged that the money was then and always had been his, and was never the property of the claimant Baker, nor of Stapleton, who did not claim it.

The evidence is that appellant owned certain land in Baldwin county, which had been sold for taxes. She and Stapleton agreed upon a lease of it to him for turpentine purposes to continue for four years. The instrument of lease was reduced to writing signed by appellant, and came into possession of Stapleton at a time when he was president of the Baldwin County Bank. She claims she sent the lease by mail, she being a nonresident, to the bank to be delivered to Stapleton upon payment of the stipulated sum. She claims that the money in question was paid to the bank on account of her lease, and for her, and is hers. But there is no such evidence. Stapleton claims that the lease was not sent to the bank, but was sent direct to him; that he did not pay her for it because a tax title was outstanding, and he could not get possession under his lease from her, but had to and did buy it from such tax title owners.

The bank went into liquidation without collecting from Stapleton the price of her lease. She then wrote the liquidating agent, seeking information, but made no specific claim as a creditor. Thereupon the attorney of such agent called upon Stapleton and suggested that he deposit with the agent $800 as indemnity against any claim which she may assert on that account. Though Stapleton made protest, he consented, but not having the cash available, induced Stuart, his friend, to put up the money for him. This was done, and was remitted to the agent with a letter from Stapleton declaring that its purpose was "to protect the bank against any suit that she may institute and against any judgment she may recover," and also stated in the letter that, "When this matter is cleared in court, you will return this money to me, that I may return it to my friend, from whom I obtained it as a loan." The liquidation of the bank was completed, and she filed no suit, nor made formal claim. She thus lost all right to participate as a creditor in the assets of the bank. Section 6312, Code; Williams v. Central Hanover Bank & Trust Co., 229 Ala. 646, 159 So. 92.

The bank was reorganized and reopened for business. The new officers found the $800 in money in an envelope, marked for identity. She called on them for it. After making inquiry and finding out the circumstances of the deposit, the

bank filed this interpleader suit. The evidence showed that the money was placed in the bank by or for Stapleton to relieve him of an obligation as former president on account of his personal transaction, in order to protect the bank in that respect. It did not thereby become the property of appellant. It was not deposited for her, or for her indemnity, but for that of the bank. She had no claim upon it in law or equity. Goodman v. Georgia Life Ins. Co., 189 Ala. 130, 66 So. 649; Hollings v. Brown, 202 Ala. 504, 80 So. 792; Globe Indemnity Co. v. Martin, 214 Ala. 646, 108 So. 761.

There has been a change by statute in the law of those cases in personal injury suits (section 8377, Code), which has no application here.

In this suit there is and can be no issue as to whether Stapleton owes appellant for the price of the lease, or the validity of his defense to such a claim as she might make on him. Whether she does or not make such claim, and whether the money was borrowed by Stapleton from Stuart, and whether as deposited it belonged to the one or the other, are immaterial in this suit. In no event did it belong to appellant legally or equitably, and, therefore, she is not here concerned further with its ownership. She cannot complain that the court directed its payment to Stuart.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.